### STORY vs. BROWN, administratrix, &c.

Where a party is required to bring in his account before the master, in the
form of debtor and creditor, under the 107th rule, he must bring in his
whole account, and for the whole time for which he is accountable, as es-
tablished by the decretal order of the court.

The account must also be accompanied by the usual affidavit of the party,
that the account, including both debits and credits, is correct, and that he
does not know of any error or omission in the account to the prejudice of
any of the other parties.

The master, upon the return of the first summons, should regulate the man-
ner of executing the reference, and the several steps to be taken by the par-
ties, so far as it can then be conveniently done; and at any subsequent at-
tendance of the parties before him, he should give such further directions
in relation to the proceedings as have become necessary in the progress of
the reference.

July 2.    THIS was an application for an attachment against the de-
fendants for not complying with the requisitions of a summons
of the master requiring them to bring in their accounts be-
fore him, up to a certain period, in the form of debtor and cred-
itor.    The original bill was filed by John Brown, and his two
sons, J. D. Brown and G. W. Brown, against the present com-
plainant T. W. Story, to settle a partnership account between
the parties, and to restrain him from proceeding against them
at law.    After an order of reference to take the testimony and
state the several accounts between the parties had been enter-
ed by consent in that cause, reserving all other questions,
John Brown died.    Upon the application of Story, alleging
that the surviving complainants in that suit were insolvent,
he was permitted to file an original bill, in the nature of a sup-
plemental and cross bill, against the survivors and the personal
representative of the decedent, for the purpose of having but

one account taken between the parties, and of charging the estate of John Brown with the payment of the balance, if any, which might be found due to Story upon the taking of such account. (*See* 2 *Paige's Rep.* 594.)    Such a bill was accordingly filed, and afterwards a decretal order was made in both causes, reciting the former proceedings and referring it to the master to take proof of all matters and things alleged, stated, and charged in the pleadings in the original and supplemental suits ; the testimony thus taken before him to have the same effect as if taken before an examiner in the usual manner ; directing that the master should also take an account between the parties in relation to the several matters stated in the pleadings, with the usual power to examine the parties on oath, and to compel the production of such books, papers and accounts or other writings as might be in the possession, or power, or subject to the control of the parties or either of them, and which the master should think ought to be produced before him in taking such account ; and reserving all further questions and directions in relation to all or any of the matters in difference between the parties until the coming in of the report.    Under this order of reference the complainant, Story, submitted his account in the form of debtor and creditor, up to the 6th of March, 1817, and took out a summons from the master requiring the defendants to bring in their accounts up to the same period, in the form of debtor and creditor.    With this requisition the defendants neglected to comply.

*W. N. Dyckman,* for the complainant.

*W. M. Price & W. S. Sears,* for the defendants.

THE CHANCELLOR.    If the master is right in supposing that this case comes within the 107th rule of the court, and that the several parties are required to bring in their accounts before him in the form of debtor and creditor, he erred in requiring the accounts to be exhibited up to a certain period only, and in receiving the account of the complainant without its being verified in the usual manner.    Where a party is di-

rected to account before a master, as contemplated by that rule, he must bring in his whole account, including debits and credits, and for the whole time for which he is held accountable, as established by the decretal order of the court. Such account must also be accompanied by the usual affidavit of the party as to the correctness of the several items on both the debit and credit side of the account, according to the best of his knowledge and belief, and that he does not know of any error or omission in the account to the prejudice of any of the other parties in the cause in which such account is exhibited. (*Bennett's Office of Master*, 83. 2 *Brown's Ch. Pr.* 818. 2 *Newl. Pr. 3 Lond. ed.* 460.) In this case, however, there has been no decree settling the rights of the parties, or declaring what particular accounts should be taken before the master, or by whom the accounts should be rendered. But by the consent of both parties, it has been referred to the master to take the proofs in the cause, and to take and state an account between the parties in respect to the transactions stated and charged in the pleadings. The accounts must necessarily be taken in connection with the testimony before the master. And the nature and extent of the accounts to be taken must, in a great measure, depend upon the facts proved by such testimony. I think, therefore, the master erred in supposing that this was a case coming within the provisions of the 107th rule. The master, however, is authorized by the 102d rule to regulate the manner in which the reference before him is to be executed. He may, therefore, require the respective parties, within such time as he may think reasonable, to exhibit in writing before him the several items of charge which they claim against the adverse party, so that it may be known to what points the examination of witnesses is to be directed, and to preclude such parties from making a claim afterwards for any further or other items, unless they shall furnish some reasonable excuse for the delay or neglect. One object of this rule was to prevent the delay and expense of a separate summons and attendance upon every proceeding in the master's office. The master should, therefore, at the return of the first summons, regulate the manner of executing the reference, and the several steps to be taken by the respec-

tive parties, so far as it can then conveniently be done. And at any subsequent time to which the reference may be adjourned, he should give such further directions as may be proper in relation to any other proceedings which have become necessary in the progress of the reference.

The motion for an attachment in this case must be denied. But as this was a new question, arising under one of the recent rules of the court, which the complainants' counsel had some reason to suppose was applicable to the case, I shall not give costs to the adverse party.