Mr. Justice Clayton
delivered the'opinion of the court.
William Jóhn’Son, late of Carroll-county, by his last will and 'testament, directed that his 'slaves should be emancipated hy hisexecutdrs. It is admitted on all "hands 'that'this bequest -is void ¡because'in opposition tobur state'policy. The appellants, *69 the next of kin of the testator, claim the slaves; — the appellees likewise claim them as residuary legatees under the will.
The law is well settled, that the general residuary legatee “is entitled to take whatever may by lapse, invalid disposition, or other casualty, fall into the residue after the date of the will.” Vick's Executor v. M’Daniel, 3 How. 337. 4 Kent, 514. James v. James, 4 Paige, 114. The only question then, seems to be, whether by a fair construction of the will of the decedent, it contains a general residuary clause under which the slaves can pass to the appellees. The testator in this instance was manifestly an illiterate man, but little acquainted with the structure of language: hence there is some apparent ambiguity in his expressions. ■ We shall extract so much of the will as bears upon the point in dispute, leaving out some intermediate passages which break in upon this particular subject, and destroy its continuity, but have no connection with it.
“ At my wife’s death, all my property, except my land, ne-groes, and household and kitchen furniture, to be sold, the proceeds to be equally divided between William Young, and William W. Dykes. My wife to dispose of the household and kitchen furniture as she thinks proper, my executors to be paid out of the proceeds of the land and stock, for their trouble, until my wife’s death, for any trouble they should be at with the care and freedom of my slaves,.they must be paid, out of the sales of my property. Its understood, at my wife’s death my negro woman Winny draws twenty-five dollars per year out of the sales of my property, to go to any person she should make choice of .living with, at my wife’s death, the proceeds of the sales of the crop, stock, farming utensils, or any other property that be sold, my executors to be paid for their trouble about my slaves, or any other thing; the balance after all expenses is paid, will be given to William Young and William W. Dykes, to be equally divided between them.”
“ I constitute and ordain John W. Dykes, Hugh R. Young, Thomas Bovard, and John J. M’Caughn, or any two of them, executors of my last will and testament.”
When those parts of the will which bear upon the point, *70 are thus viewed together, exclusive of other portions which do not relate to it, it is plain that the appellees were constituted residuary legatees, not of the estate, but only of the proceeds of property directed to be sold, and in part appropriated to other objects. The term balance has reference to what remains of the proceeds of the sale, after paying certain charges and expenses, not to any general residuum of the estate. There are no words going before or following after, to which the term balance can have relation, which would point to the conclusion, that it meant a residuum of the whole estate. The slaves are by words expressly excepted from sale; it would be a great stretch of interpretation to say that they are comprehended “ in the balance of the proceeds of the sales,” when they were forbidden to be sold. Had the testator used the expression, “ the balance of his estate,” or any other of equivalent import, the slaves would have passed under it. But we cannot interpolate words into a will, and without such interpolation, we think the slaves pass to the next of kin.
The probate court, having made a different order, the decree will be reversed, and the cause remanded, with directions to that court to conform to the present opinion.

Judgment reversed.

Note. — This cause was argued, and the 'decree of. the court below affirmed. A rehearing was afterwards granted, and the foregoing opinion delivered. The argument of Messrs. Sheppard and Thompson was made on the application for a rehearing.