## KETCHUM *vs.* CLARK and others.

22b 319
56ad445
f 56ad492

The reference to a referee to take and state an account between the parties, in an action for the dissolution of a joint stock company, and for an accounting among the associates, under the 2d subdivision of sec. 271 of the code, is the reference of the former courts of equity, such as was always made to a master in cases of accounting. And the practice of the court of chancery in respect to references of that nature, is still in force in regard to proceedings before referees.

Hence, where no objections are made before a referee, as to the mode of proceeding, and no exceptions are taken to his report, both parties are concluded by the report, and neither is entitled to raise any question in respect to the details of the account, on the hearing of the cause upon the referee's report and the proofs.

THIS was an action for the dissolution of a joint stock company and for an accounting among the associates. After issue it was referred to a referee to take and state an account between the parties and report the same, with the proof, to the court. Upon the coming in of the referee's report the cause was brought to a hearing on such report and the proofs accompanying the same, and a decree was made at special term dissolving the association and confirming the report of the referee in regard to the accounts, with a few alterations and corrections thereof. From so much of the decree as declared a balance due from Alva Clark to the association, of $734.48, Clark appealed.

*E. Van Buren*, for the appellant.

*D. B. Prosser*, for the respondent.

*By the Court*, E. DARWIN SMITH, J. The reference in this case to take and state an account between the parties, was made under the second subdivision of section 271 of the code. The reference, under this subdivision, is the reference of the old courts of equity, such as was always made to a master in cases of accounting. The practice in chancery in such cases was for the master to prepare a draft of his report and

deliver it to such parties as desired it, and for the parties then to come in and file objections to such draft, and after argument thereupon the master made his final report. To this report either party who had filed objections could take exceptions based upon such objections. (*See old Chancery Rules*, 109, 110; 1 *Barb. Ch. Prac.* 547.) These exceptions could be brought on before the court for argument, and nothing else in the accounts came up for review or examination. The report of the master was final and conclusive upon all parties, in respect to all such matters, after the expiration of the order *nisi*. That practice, so far as relates to references like the one in this case, is still in force in respect to proceedings before referees. Section 469 of the code, and the present rule of this court, 89, expressly retains all the customary practice in chancery, as it had heretofore existed in the court of chancery, in cases not provided for in some statute or other rule. No objection having been taken in this case before the referee, and no exceptions taken to his report, both parties are concluded by it, and neither is entitled to raise any question in respect to the details of the account, on the hearing of the cause. In this view of the rule applicable to such cases there is nothing before the court for review properly brought up on this appeal. But as this objection was not raised at the hearing at special term, and the judge did consider and carefully pass upon the whole case, the objection may possibly be deemed waived. In this view I have looked into the case, and it seems to me that complete justice has been done between these parties by the referee and the court at special term, with one exception. The appellant is charged in his account, by the referee, with the sum of $450 as received of Millbanks. This sum, it clearly appears, was received in fact by the firm of Clark, Ketchum & Sharp, of which the appellant A. Clark was a member. The amount should not, therefore, have been carried into the account of the appellant Alva Clark, but the $450 having been charged to him it should have been credited back. Three hundred dollars of this amount is credited back, leaving him charged, by the mistake, with the sum of $150. The

credit on his account should have been $450, instead of $300. The decree should be amended, so as to reduce the amount of the indebtedness of the said Alva Clark from $737.43 to $587.43, as of the date of the charge against him, with interest, and in all other respects should be affirmed, with the costs of the appeal, to be paid out of the fund in the hands of the receiver.

Decree modified. Costs to be paid out of the fund.

[MONROE GENERAL TERM, September 1, 1856. *T. R. Strong, Welles* and *Smith*, Justices.]