Freedman, J.
The referee to whom it was referred to hear and determine the issues, reported only in favor of plaintiff’s right to an accounting within certain limits, but did not take and state the account between the parties. This course was adopted in order to facilitate a review of his decision before putting the parties to the expense of a long accounting, and the *146 plaintiff now applies for an interlocutory judgment, in conformity with the report. This practice has prevailed before the New Code (2 Van Santvoord’s Eq. 194, 195), and I cannot find that the latter has abrogated it.
Upon the present application I cannot consider allegations of error, nor review the merits, for the evidence is not before me ; and there being.no allegation of irregularity, surprise or newly-discovered evidence, an interlocutory judgment should be entered as of course, in conformity with the report.
Defendant’s right of review may then be exercised, either, under section 1,001 of the New Code, by motion for a new trial to the general term, or under section 1,349, by appeal to the general term from the interlocutory judgment.
If the defendant simply claims that the findings of fact do not support the conclusions of law, he may, within ten days after service of a copy of the decision or report of the referee and notice of the entry of the interlocutory judgment thereon, file exceptions to the conclusions of law, and rely solely upon them.
If, on the other hand, he claims that there is no evidence to sustain the findings of fact, or that the referee refused to find facts which he should have found, and desires a review of the questions of law arising upon such findings or refusals to find (for such questions constitute questions of law under section 993), or if he desires a full review upon the law and the facts, under section 1,349, he must make, serve and print a full case containing the appropriate exceptions, together with the evidence.
But whichever mode of review he may resort to, he must go to the general term, for the remedy by motion for a new trial on the judge’s minutes, or by a similar motion to the special term on a case, applies only to trials by jury, while section 1,002 expressly provides *147 that a trial by a referee cannot be reviewed by a motion for a new trial, founded upon an allegation of error in a finding of fact or ruling upon the law, except in a case specified in section 1,001.
As to the mode in which the interlocutory judgment should direct the accounting to proceed, it must be considered that an accounting before a master in chancery was regulated by the rules of that court, the 107th of which provided that “all parties accounting before a master shall bring in their accounts in the form of debtor and creditor; and any of the other parties, who shall not be satisfied with the accounts so brought in, shall be at liberty to examine the accounting party upon interrogatories, as the master shall direct.”
In Wiggins v. Grans, decided in 1851 in the superior court, with the concurrence of three judges, it was held that the rules and practice of the court of chancery, on the subject of accounting, existing at the time of the adoption of the Code, are not inconsistent with any provision of the. Code, and that consequently, by section 469, they are continued in force. The defendant, in that case, was thereupon ordered to bring in an account like that prescribed by the said 107th rule, duly verified as prescribed by the chancellor, and file it. with the referee within ten days, in default of which the plaintiff might apply for an attachment.
Since that time the same rule has been recognized by the supreme court in Palmer v. Palmer (13 How. Pr. 364), and Ketchum v. Clark (22 Barb. 319), and I cannot find that any change has been effected by the new Code.
The conclusion is, therefore, that although the formal mode of proceeding under the chancery rules must not necessarily be pursued, the plaintiff, nevertheless, has the right, if he demands it, to the formal bringing *148 in of the account in the form of debit and credit, as prescribed by the rule, and duly verified by affidavit, as stated in Story v. Brown (4 Paige, 112) and Benson v. Le Roy (1 Id. 122), and to the examination of the defendant upon interrogatories.
The motion for interlocutory judgment must be granted, as prayed for.
The interlocutory judgment was accordingly settled and entered as follows:
On reading and filing the report of, <fcc., bearing date, &c., and filed on, &c., to whom it was referred to hear and determine the issues in this action, and it appearing to the court that an accounting of the printing or type-setting of The Church Journal newspaper mentioned in the complaint, from, on or about, &c., to and until, &c., is necessary before final judgment can be entered in this action: Now on motion, &c., for the plaintiff, it is adjudged and decreed—
That it be referred to, &c., as referee, to take and state an account of all dealings and transactions between said defendant, Henry Russell, and the said The Church Journal newspaper, or the printers or proprietors thereof, with respect to the printing or type-setting of said newspaper, and with respect to any and all profits arising thez-efrom, from, &c., to and until, &c.; and for the better taking and stating of such account that the defendant, Henry Russell, produce and file, with the said referee, within twenty days after the service of this judgment on him, an account of all the said business transacted by him in and about The Church Journal newspaper, from, &c., to, &o., said account to be stated by items in the form of debtor and creditor columns, and that plaintiff be at liberty to surcharge and falsify said account, so to be exhibited by said defendant, and to that end may cross-examine said defendant as to said account, or any item thereof, either orally before said referee, or on written inten’ogntories, to be filed with sziid referee, and served on defendant’s attorney within twenty days after said account is filed, and the sworn answei’s thereto to be filed with the referee within twenty days after the interrogatories are filed; and for the purposes of the oral exaznination, hereinbefore provided foz1, the defendant Russell shall attend before said referee, at such times and places as said referee shall from time to time appoint, and the said plaintiff and the said defendant Russell are to produce before the said referee, upon oath, all books, accounts, deeds, papers, contracts, vouchers and writing1 in their custody or under their control, relating thereto; and said referee, in taking such account, is to make all just *149 allowances to the parties as between themselves; and what, on balance of the said account, shall appear to be due from either party to the other, is to be paid as the said referee shall direct; and the said referee is at liberty to state and report any special circumstances, as well as his reasons for allowing or disallowing any allowance which may be claimed.
And it is further ordered that the question of costs, as well as all other questions, are reserved until the coming in of the report and hearing, for further directions.