IN THE MATTER OF THE FINAL ACCOUNTING OF REUBEN LEF-FINGWELL, AS ADMINISTRATOR, ETC., OF JAMES B. LITTLE-FIELD, DECEASED.

*Surrogate — power of, to order a reference — referee's report — becomes absolute unless exceptions are filed thereto as required by General Rule No. 30 — Code of Civil Procedure, sec. 2546, 17.*

Where, in pursuance of the power conferred upon him by section 2546 of the Code of Civil Procedure, a surrogate appoints a referee to examine an account rendered, and to hear and determine all questions arising upon the settlement thereof, which he himself has power to determine, and to make a report thereon, subject to confirmation by the surrogate, the rules of the Supreme Court are, by section 17 of the said Code, made applicable to such a reference and the report of the referee becomes absolute, and stands as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the report.

Where no exceptions have been taken and filed, the surrogate has no alternative but to confirm the report.

APPEAL by the administrator from a decree of the surrogate of Jefferson county, confirming the report of a referee appointed by said court to examine the accounts of the said administrator and report thereon, and ordering the said administrator to pay a certain sum therein specified to Mary E. Westcott, the respondent herein.

*A. H. Sawyer*, for Reuben Leffingwell, administrator, appellant.

*McCartin & Williams*, for Mary E. Wescott, respondent.

SMITH, P. J.:

The principal questions argued by the appellant's counsel relate to certain claims of the administrator which were disallowed by the

referee, and to a charge made against him for property which it is alleged was set apart to the minor children of the intestate. The respondent's counsel insists that none of the questions referred to are brought up for review by the appeal in this case, inasmuch as the appellant omitted to except to the report of the referee in due season, and thereby the report became absolute. As the proceeding in which the decree appealed from was entered was begun subsequently to the 1st day of September, 1880, it is controlled by the provisions of chapter 14 of the Code of Civil Procedure, so far as they are applicable.

Section 2546, contained in that chapter, authorizes the surrogate, in a proceeding of the nature of the one before us, to appoint a referee to "examine an account rendered; to hear and determine all questions arising upon the settlement of such an account, which the surrogate has power to determine, and to make a report thereon, subject, however, to confirmation by the surrogate." By the terms of the order of reference entered in this case, the account of the administrator and the exceptions filed thereto were sent to the referee "to examine and report thereon," and to bring in the evidence taken by him. The order also provided that the report might be brought on for confirmation upon eight days' notice. Under that order the referee proceeded to a hearing and determination of all questions raised by either party upon the settlement of the account. As the questions thus determined were such as the surrogate might have decided if the hearing had been before him, we would be inclined to hold, were it necessary to the decision of the case, that the action of the referee in hearing and determining such questions was warranted by the order. But without deciding that question, it is clear that if there was any error in that respect, it was waived, no objection having been taken on that ground before either the referee or the surrogate. The decree of the surrogate, therefore, properly recites that the account and objections thereto were referred to the referee to examine and report thereon, and to "hear and determine all disputed matters relating to the questions raised" thereby, and the reference is to be regarded as having had that scope for the purposes of the present discussion.

The report of the referee and the evidence taken by him were filed on the first day of November, 1881, and two days afterwards

a copy of the report, with notice of filing, was served on the attorney for the administrator. On the 3d of December, 1881, the matter was brought before the surrogate upon the referee's report, and the evidence, on due notice, and the decree appealed from was made on that day. No exceptions were served or filed, so far as the appeal book shows, until the 23d of January, 1882, when the attorney for the administrator filed a paper purporting to contain exceptions to the report of the referee and also to the decree of the surrogate.

We think those exceptions were too late, and were ineffectual for any purpose. By section 2546 a referee appointed under its provisions has the same power as a referee appointed by this court for the trial of an issue of fact in an action; and the provisions of the Code applicable to a reference by this court, apply to a reference made as prescribed in said section, "so far as they can be applied in substance, without regard to the form of the proceeding." Not only the provisions of the Code, but also the general rules of this court are applied to such a reference, so far as they are applicable. By section 17 of the Code those rules are binding upon all courts of record except the court for the trial of impeachments and the court of appeals; and by section 2 the Surrogate's Court is made a court of record. Rule 30 provides that in references other than for the trial of the issues in an action, or for computing the amount due in foreclosure cases, the report of the referee shall be filed with the testimony, and the report shall become absolute and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same. The rule adopts the practice which prevailed in the court of chancery in respect to proceedings before a master in cases of accounting (*Ketchum* v. *Clark*, 22 Barb., 319), and the provisions of section 2546, already referred to, clearly indicate the intention of the legislature to assimilate references in the Surrogate's Court to those in this court, so far as the same can be done.

No exception having been taken to the referee's report, when confirmation was moved for before the surrogate, that officer had no alternative but to direct an order for confirmation to be entered, and no question as to the correctness of the report having been

raised before him, the appeal from his decree brings up no question for review.

For these reasons the appeal should be dismissed, with costs.

HARDIN and BARKER, JJ., concurred.

Appeal dismissed, with costs.