DETERMINED IN THE

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## May, 1887.

THE FARMERS' NATIONAL BANK OF MALONE, RESPONDENT, *v.* MARGARET HOUSTON AND DWIGHT DICKINSON, AS ADMINISTRATORS, ETC., OF JAMES HOUS-TON, DECEASED, AND OTHERS, APPELLANTS.

*Power of the court to order a compulsory reference — it cannot order testimony to be taken before a referee, to be used on a trial.*

In this action, brought to foreclose a mortgage, an order was made directing that it be referred to a referee to take the evidence herein and report the same to the court, and that after the evidence had been taken and filed in the office of the clerk of Franklin county the cause be brought to trial, upon the pleadings and evidence so taken, before the court sitting in said county. *Held*, that the order should be reversed.

That the court has no compulsory power to order that testimony, to be used on a trial, should be taken before a referee.

*Rathbun* v. *Rathbun* (3 How., 139); *Stewart* v. *Gardner* (Id., 156) followed; *Elmore* v. *Thomas* (7 Abb , 70); *Camp* v. *Ingersoll* (86 N. Y., 433); *Ketchum* v. *Clark* (22 Barb., 319); *Muhlenbrinck* v. *Pooler* (1 N. Y. State R., 223) distinguished.

APPEAL from an order made at a Special Term of this court, and entered in Franklin county, directing that it be referred to a referee to take the evidence and report the same to the court, and that after the evidence had been so taken and filed in the clerk's office of Franklin county, the cause be brought to trial upon the pleading and evidence so taken before the court sitting in said county.

The action is brought to foreclose a mortgage upon which plaintiff claims $16,104.85, and interest on different amounts from different dates.

*John P. Kellas*, for the administrator and Margaret Houston, appellants.

*Newcomb H. Mansell*, for infant defendants.

*William P. Cantwell*, for the respondent.

LEARNED, P., J.:

The Constitution provides that testimony in equity cases shall be taken in like manner as in cases in law (art. 6, § 8). This does not mean that equity cases shall be tried by a jury. The difference in the two courts as to the manner of taking testimony had previously been this. In courts of law the witnesses were produced, sworn and examined before the tribunal which was to decide. In courts of equity witnesses were examined before an examiner, and only their written testimony was presented to the tribunal. It was this difference which was abolished by the Constitution.

Of course, this did not disturb the exceptional cases of testimony taken on commission, etc. Because, in such exceptional cases, written testimony was used in courts of law.

But the Constitution by this section abolished the old mode of taking testimony in equity cases, and put such cases in the same position, in this respect, as cases at law (*Phillips* v. *Gorham*, 17 N. Y., 273.) And it is well known that dissatisfaction had arisen before the Constitution with this and other peculiarities of the court of chancery.

The Code has not attempted to interfere with this provision of the Constitution. Section 968 specifies the actions which must be tried by a jury; substantially common law actions. Section 969 says that all others must be tried by a court, unless a reference or a jury trial is directed. The present action then must be tried by a court, unless a reference or a jury trial is directed. References are provided for in sections 1011 and 1013, and they are references to try the issues. No intimation is given that any other reference can be made when an action is at issue.

Although for convenience we speak of equitable and common

law rights, yet there is but one form of action, and the distinction between actions at law and suits in equity is abolished. (Code, § 3339.) If, therefore, a reference to take testimony upon issues joined can be made in an action for foreclosure, it can be made in an action for assault and battery. The latter proposition probably no one would admit.

The constitutional provision above cited may have two constructions. It may mean that, after its passage, testimony must be taken in the same manner in both classes of cases. Or it may further mean that the mode of taking testimony in both classes shall be that which had been previously used in courts of law. Taking it in connection with article 1, section 2, the latter is probably the meaning. For the production of witnesses before the jury has always been an important characteristic of that mode of trial. But on the present question either meaning is sufficient. Because it cannot be claimed that in actions of every kind such a reference could be ordered. And if not in every action ; then in none.

In this connection it may be noticed that, even in cases of special motions, the language of the Code is that the reference is to be " to determine and report upon a question of fact; " not to take evidence. (Section 1015.)

The provision of section 827 does not affect this question. That section by its language and its position, has evidently nothing to do with the trial of issues. The reference thereby authorized is such as, just previous to the abolition of the Court of Chancery, might have been made to a clerk or a master. Whatever may have been the early history of the office of master, it is well known that at the time referred to, evidence on an issue was not taken before a master but before an examiner. (1 Barb. Ch. Pr., 277.) A master exercised certain judical and executive powers. An examiner was little more than a scribe, writing down questions and answers. Whether a master might not do an examiner's work is immaterial to this question. For no such work as the taking of testimony on an issue is intended in this section. The taking of such evidence was not "a matter referable." The parties took their evidence before any examiner, as they might choose. No reference was made ; and indeed the words " a matter referable " would not include an issue in chancery.

Some cases cited by plaintiff should be noticed. *Elmore* v. *Thomas* (7 Abb., 70), was a case referred by consent. The only remarks of the court which are cited respect facts " other than those presented by the pleadings." Those remarks do not apply here. *Camp* v. *Ingersoll* (86 N. Y., 433), reversed an order of reference, on the ground that the issues did not directly involve the examination of a long account. The court referred also to section 1015, and said that if the suit was one in equity, the testimony as to value of the assets might be taken by a referee. An examination of that section will show that it does not speak of a reference to take evidence upon the issues but only upon what may be called collateral matters. Nor was anything decided by the Court of Appeals except a reversal of the order of reference. *Ketchum* v. *Clark* (22 Barb., 319), was a case of a reference merely to take and to state an account.

*Muhlenbrinck* v. *Pooler* (1 N. Y., State Rep., 223), presented no question as to the validity of such a reference. The reference may have been by consent; and at any rate no objection was made. The subject is mentioned only in answer to the position that the court was concluded by the facts found by the referee.

On the other hand, the case of *Rathbun* v. *Rathbun* (3 How 139), and *Stewart* v. *Gardner* (3 id., 156), are decisions on this very point, and are in conflict with the order in this case. We concur with these two decisions, and are of the opinion that the court has no power compulsorily to order that testimony to be used on a trial should be taken before a referee. Of course this does not prevent the taking of testimony *de bene esse*, and on commission and the like.

As there was no appeal from the refusal to refer to hear and determine as a long account, that question is not before us.

The part of the order appealed from is reversed, with ten dollars costs and printing disbursments.

BOCKES and LANDON, JJ., concured.

Part of the order appealed from reversed, with ten dollars costs and printing disbursements.