## NEW YORK BANK–NOTE CO. v. HAMILTON BANK–NOTE ENGRAVING & PRINTING CO. et al.

(Supreme Court, Appellate Division, First Department.   December 31, 1900.)

JUDGMENTS—REFERENCE—BURDEN OF PROOF.

    On a bill for damages and to enjoin the use of certain presses for the printing of strip tickets, the judgment of the appellate division, modifying an interlocutory judgment for plaintiff, awarded an injunction, and ordered a reference to ascertain the damages, which were to be the profits made by defendant on all tickets printed by it on the presses, "on proof before the referee" that the presses were the subject of a monopoly, or were the only available machinery for printing the tickets, "or on proof" that defendant could not have obtained certain contracts to print tickets except by means of these presses, and "in the absence of such proof" that the damages should be the saving in profit on said tickets by the use of the presses over the profits defendant would have made by printing the same on other presses in its possession, or known to and purchasable by it; and concluded with the order that defendant "account to plaintiff for the profits made by defendant as aforesaid" on all tickets printed by it on such presses. *Held*, that the burden before the referee was not on plaintiff to show that the presses were the subject of a monopoly, or were the only available machinery, or that defendant could not have obtained the contract except by means of these presses, but were matters of excuse and in mitigation for defendant to show.

Appeal from special term, New York county.

Suit by the New York Bank-Note Company against the Hamilton Bank-Note Engraving & Printing Company and another. From a judgment for plaintiff (65 N. Y. Supp. 1), both parties appeal,—plaintiff from so much of the judgment as adjudges it is entitled to only 6 cents damages, without costs as to either defendant, and that the defendant the Hamilton Bank-Note Engraving & Print-

ing Company have judgment against the plaintiff for $1,882.55 referee and ste-
nographer's fees, less the sum of 6 cents; the defendant the Hamilton Bank-
Note Engraving & Printing Company from so much of the judgment as ad-
judges that the defendant be restrained from using either of the two Kidder
presses, attachments, etc., and from the order of confirmation in so far as it
denies the appealing defendant's motion for judgment absolute in its favor,
with costs. Reversed on plaintiff's appeal, and affirmed on appeal of defend-
ant.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN,
O'BRIEN, and INGRAHAM, JJ.

Edward P. Lyon, for appellant.

William L. Turner, for respondent Hamilton Bank-Note Engraving
& Printing Co.

Victor J. Loring, for respondent Kidder Press-Mfg. Co.

HATCH, J. The result which has been reached in this case is
so extraordinary in character, when it is considered that the plain-
tiff recovered a judgment in its favor for the relief demanded in
its complaint, that we are called upon to carefully consider the
process and proceedings by which such result has been reached, and
see, if we may, whether the same is the proper result under the
determination of this court upon the former appeal, or is due to an
incorrect interpretation of its judgment; in other words, whether
the mistake, which has evidently been made, was made by this court
or by the referee in construing the judgment. In order that we may
have a fair view of the situation, it seems to be necessary to state
the character of the interlocutory judgment which came before the
court on appeal, the judgment of the court as entered thereon, and
the proceedings which have been had thereunder. The primary
purpose of the action was to obtain an injunction restraining the
defendant the Hamilton Bank-Note Engraving & Printing Company
from using two certain printing presses furnished by the Kidder
Press-Manufacturing Company in alleged violation of a contract
made by the latter company with the plaintiff, and of which the
first-named defendant had notice, and, as an incident thereto, to re-
cover damages by reason of such use. This action having been tried
at a special term, an interlocutory judgment was made and entered
granting the injunction asked, and adjudging that the Hamilton
Bank-Note Engraving & Printing Company account to the plaintiff
for the profits made by the defendant upon all tickets made by it
upon each of the presses purchased by it from the defendant Kidder
Company; and, further, that it be sent to a referee to compute the
damages sustained against both defendants, and that the plaintiff
have final judgment for the amount of the damages so found, and
for the relief demanded in the complaint, with costs, and an extra
allowance. The clause of this judgment relating to the damages
decreed is that they "shall be the profits made by the defendant
* * * upon all the strip tickets printed by it upon the two afore-
said presses purchased from the Kidder Press-Manufacturing Com-
pany." From this judgment an appeal was taken to this court,
where the same was modified. From this point difficulties multiply
and incongruity begins. The case upon appeal is reported in 28

App. Div. 426, 50 N. Y. Supp. 1093. From the opinions delivered as the basis for the decision it appears that the interlocutory judgment was modified in two particulars: First. Instead of limiting the period in which damages might be recovered from the time when certain attachments were placed upon the machine which fitted it for more perfect use, the time was enlarged so as to include the date when the machine was first delivered, and before the attachments were applied. The only effect of this modification was to give a more extended period of time in which damages might be recovered for the infringement which the judgment enjoined. Second. The rule of damage stated in the opinions recognized as a primary proposition that the plaintiff was entitled to recover all the damage that it had sustained by reason of the use of the machine. It was then asserted that in measuring this damage the referee might take proof of the cost of the production of the tickets by the Kidder machine and the cost of production of the same tickets by any other machine or known process then in existence. By this modification the court simply recognized that the rule of damage to be applied entitled the plaintiff to recover the saving effected by the use of the Kidder machine over that of any other machine or known process then in existence for the printing of strip tickets which were printed upon the Kidder machine. With these modifications the court declared in its opinions that it affirmed the judgment, without costs, and directed that the reference for an accounting proceed. So far, therefore, as this court expressed itself upon the question of damages, it in no manner departed from the well-settled rule in awarding judgments of this character. It recognized and affirmed the right of the plaintiff to that part of the judgment which awarded the plaintiff an injunction, and the whole discussion went upon the ground that the defendant was called upon to account for the profits which it had made, if any. In addition, it sought to lay down a rule by which the referee appointed upon the accounting might be guided accordingly as the evidence should be developed.

In actions of this character it is required that every question affecting the rights of the parties upon the main issue shall be first settled by the interlocutory decree, and before the account is stated, or the reference therefor is ordered. Mundorff v. Mundorff, 1 Hun, 41; Hudson v. Manufacturing Co., 16 N. J. Eq. 475. This being decided, the court must direct in its decree the matters which shall be embraced in the accounting, as may be required by the circumstances of the particular case. The practice upon the hearing before the referee is assimilated to the former chancery practice, which has been held applicable to such proceeding, and which the Code has not changed. Mundorff v. Mundorff, supra; Palmer v. Palmer, 13 How. Prac. 363; Ketchem v. Clark, 22 Barb. 319. Upon such an accounting the 107th chancery rule required that the party ordered to account should exhibit his accounts to the master. It was expected to embrace the whole period for which it was ordered, set out the state of the account covering such period, and be verified by oath of the party presenting it. 2 Barb. Ch. Prac. 505–515;

Story v. Brown, 4 Paige, 112. When the account is presented, the plaintiff is at liberty to surcharge the same with any sums which he can prove ought to be added thereto; and he may examine the party presenting the account for that purpose. The defendant may also show matters within the scope of the accounting which tend to relieve him from the apparent amount which would otherwise be charged against him.

Having in view these rules, it is evident that the court, so far as it expressed itself in its opinions, did not intend to change such orderly course of procedure, and by no language used therein did it do so. Recognizing that the duty primarily rested upon the defendant to exhibit its account, and in order that the defendant might have the benefit of the rule of law that the saving alone in the use of the Kidder machine over any other was the proper measure, it pointed out that the defendant was at liberty to show by proof, if it could, that in fact there was no saving, by showing that other known machines could produce the tickets as well and as cheap; and upon such basis the referee was furnished with an absolute rule from which to measure the damage as the same should be required by the evidence produced. It is manifest that the plaintiff did not bear—and it is nowhere suggested otherwise in the opinions—any burden whatever in this respect. It could stand upon the account as exhibited by the defendant, if it chose, and make no proof; or it could surcharge it, and it could rebut any proof of the defendant tending to reduce the amount of the profit which the account showed, or of any other matter properly involved; but upon this subject, manifestly, it could not be made to bear any primary burden, as the judgment entitled it to recover, and cast upon the defendant the burden of reducing the amount of the damage which its account might presumptively show. So far, therefore, as the opinions of this court are concerned, there is not the slightest ground for saying that anything was sent to the referee except the accounting, and no affirmative issue was presented to him to hear, try, and determine. The opinions contemplated the ordinary procedure to be modified only so far as to allow proof from the defendant in diminution of damage. The course of procedure which was in fact adopted is an absolute reversal of every rule of law applicable to such a reference. The result reached is astounding. By the judgment the plaintiff is awarded, upon the main issue, the relief for which it prayed, with costs of the action, and in disposition of an incident to the judgment, it has succeeded in obtaining an award of 6 cents, and a judgment for costs is awarded against it in the sum of $1,882.55, and the defendant bank-note company is now asking that this court further swell this amount with an award of costs of the action and an extra allowance. It is manifest that something is radically wrong in this result, and so wrong as to call for heroic methods of treatment, if there exist no other remedy.

This brings us to the cause of all the trouble, and it is raised by the form of the judgment entered in this case by this court. Before proceeding to analyze the judgment, common fairness prompts us to say that the construction which was placed upon this judg-

ment by the learned referee was justified by the language which
it contained, and the fact that it did not express with clearness
the respective rights of the parties as determined by the court is in
no manner the fault of the referee.   We are clear that such was
not the intention of the court, and that the language used in the
judgment does not compel such a construction.   The judgment at
the special term first awards an injunction against the two defend-
ants in separate paragraphs.   It then awards a recovery of dam-
ages in favor of the plaintiff, which are to be measured by the profits
made in the use of the machines.   The next paragraph decrees that
the defendants account; and the last, that it be referred, to com-
pute and ascertain the aforesaid damage.   The judgment as entered
in this court follows this order, the first two paragraphs being the
same.   The third is changed, and it provides, so far as presently im-
portant, after decreeing that the plaintiff recover damages, "which
damages shall be the profits made by the defendant the Hamilton
Bank-Note Engraving & Printing Company upon all strip tickets
printed by it upon the two aforesaid presses purchased from the
Kidder Press-Manufacturing Company, known as the 'Kidder Per-
fecting Press,' on proof before the referee that the Kidder perfect-
ing press was the subject of a monopoly for strip-ticket printing by
virtue of outstanding patents, or was the only available machinery
for printing strip tickets, or on proof that the Hamilton Bank-Note
Engraving & Printing Company could not have obtained the con-
tracts to print said tickets except by means of the Kidder perfect-
ing press; and in the absence of such proof that the damages shall
be the saving in profit on said tickets by the use of the Kidder per-
fecting presses over the profits it would have made by printing the
same on the presses in its possession, or known to and purchasable
by it prior to December 29, 1892.   And it is further ordered, ad-
judged, and decreed that the defendant the Hamilton Bank-Note
Engraving & Printing Company account to the plaintiff for the
profits made by said defendant as aforesaid upon all of the tickets
printed by it or by any person or persons, corporation or corpora-
tions, for its account, or in which it is or has been in any wise
interested, upon either or both of the presses purchased from the
defendant the Kidder Press-Manufacturing Company, known as 'Kid-
der Perfecting Presses.' "   It is quite evident that the order in which
these several provisions appear had much to do with the construc-
tion that has obtained, for, if the last-quoted paragraph of the judg-
ment had been inserted directly after the award of the injunction
against the Kidder Company, it would then have provided that in
the first instance the defendants should account for the profits which
accrued from the use of the machines.  By placing it after and
inserting the words "as aforesaid" the whole sense was obscured,
if not changed.   But, having in view the expressions of the court,
and the right which the plaintiff obtained by its affirmative judg-
ment upon the main issue, it is evident that this judgment should
be read as though such clause of the judgment were first in order
after the award of the injunctions.   The direction which it would
then have contained would have been that the defendant account,

and would correspond with the rules governing such judgments and the proceedings thereunder. Ought it now to be so read? We think it should. It is to be noticed that the judgment contains no express language placing the burden of proof upon the plaintiff. The language is, "on proof before the referee" of two things: (1) That the presses were the subject of a monopoly, or were the only available machinery; and (2) that the defendant the Hamilton Bank-Note Company could not have obtained the contract except by means of these presses. Then follows, "in the absence of such proof" damages shall be the saving in profits by the use of the machines. It is at once evident that a construction which placed the burden of proof in these respects upon the plaintiff injected into the judgment a distinct and independent issue which the law required to be determined before a reference upon the accounting was ordered. Such issue was for the determination of the trial court, as it bore upon the main issues in the case, and it must be regarded as having been so determined and so treated by this court, as otherwise the judgment would have been reversed, and remitted to the trial court for determination. There is no authority or principle of law of which we are aware which confers upon an appellate tribunal authority to order the reference of such an issue in such a case. It would provide for the trial of principal issues by piecemeal, overthrow settled principles of law, and lead to absurd results; and a construction of judgments or statutes which overthrows established rules of law, or leads to absurd results, ought always to be avoided. This judgment preserves the right of the plaintiff to have an accounting, and the language to which we have called attention can be and ought to be construed as conferring upon the defendants the right to show by proof the fact that there was no monopoly, or that other machines would produce these tickets as cheap, and that they were not essential in the procurement of the contract. In the nature of things, these were matters of excuse, and in mitigation of damages which had been awarded; and upon failure to make this proof the saving in profit became the rule of recovery, and presumptively this would be the account which the defendant was required to exhibit.

These provisions of the judgment were evidently intended to furnish to the referee the rule upon which he should measure the damages when the proof should be given, and are not to be regarded as furnishing a new issue, or regulating the order of proof. These matters were already determined. The plaintiff was awarded damages. The defendant was required to exhibit its account, which, in the absence of all other proof, would doubtless furnish the measure of the recovery. It may be that the provisions are somewhat inconsistent, but such fact is no ground for construing the judgment in destruction of plaintiff's rights secured by it, when they may be upheld and the judgment enforced. We may be unable to reconcile the language, but we can conform the construction of the judgment with established rules of law. This construction is necessary to preserve the right which plaintiff obtained when it succeeded upon the principal issues, otherwise that which is to be determined

as an incident must be held to control the relief secured; and in this view the defendant bank-note company is entirely consistent in now asking for the costs of the action and an extra allowance. While there is no inconsistency in the claim based upon the present status, it emphasizes the fact that plaintiff's rights have been overthrown, and the judgment which it obtained practically nullified. It is undoubtedly true that the defendants may show that the plaintiff is only entitled to recover nominal damages, and that the right to damages which it has secured is worthless under the rule furnished by the judgment; but such fact imposes no primary burden upon the plaintiff. That burden rests with the defendant, and must be established by proof. When the reference opened, the plaintiff demanded its legal right to have the defendant file its account. The referee ruled against it, and determined that an issue was presented which he was required to hear and determine, and that upon such issue the plaintiff held the burden of proof. We conclude, for the reasons which we have stated, that the ruling was wrong. Nor could the plaintiff be properly charged with the costs of the reference. The stipulation which it made does not conclude it in this respect. That was made after the ruling, which denied to it a plain, legal right; and, as the reference then assumed the ordinary form of a reference to hear and determine issues, the stipulation was quite proper. There was no necessity for it if its motion had been granted, and therefore no liability can be predicated thereon.

It follows that the judgment should be reversed, with costs to the appellant, and a hearing ordered before another referee, and the order denying defendant's (appellant's) motion for costs is affirmed. All concur.