(19 App. Div. 259.)

### JAMES v. HORN et al.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

1. REFERENCE—CONFIRMING REPORT.

At the expiration of eight days after notice of the filing of the report of a referee, upon a reference other than for the trial of issues, the prevailing party, upon proof, by affidavit, of the filing of the report and giving of notice, and, by the certificate of the clerk that no exceptions have been filed, is entitled, as of right, to an order confirming the report.

2. SAME.

A motion to confirm the report of a referee, upon a reference other than for the trial of issues, is required only if exceptions to the report are filed; and such a motion, made before the filing of exceptions, is premature, and should be denied.

Appeal from judgment on report of referee.

Action by Mary C. James against James T. Horn and others. From an order confirming report of a referee, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

Marvin R. Smith, for appellant.
Robert J. Mahon and Joseph M. Williams, for respondents.

RUMSEY, J. The plaintiff had procured an injunction in the action on giving the usual bond, and afterwards she desired to discontinue the action, and made an application to the court for that purpose; whereupon it was ordered that the damages of the defendants by reason of the preliminary injunction should be ascertained by a reference, and that upon the coming in and confirmation of the report of the referee, and the payment of the damages, the plaintiff might discontinue the action. The referee appointed pursuant to this order made his report, assessing the damages, which was filed by the defendants on the 28th day of December, 1896. On the same day there was served upon the plaintiff's attorney a notice of filing of the report, and of a motion to confirm it, to be made at the special term on the 7th day of January, 1897. On the return day of the motion, the plaintiff appeared and read an affidavit objecting to the consideration of the motion for the reason that eight days' notice of the filing of the report had not been served upon him before the notice of motion, and that no notice of filing had been received until the notice of motion was served. In spite of the objection, the report was confirmed; and from the order confirming it the plaintiff takes this appeal.

The practice in the case is governed by the provisions of General Rule 30, which are, substantially, that, in references other than for the trial of the issues of an action, the report of the referee shall be filed, and shall become absolute, and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days after service of notice of the filing of the same. Thus far this rule is very plain. The proper practice under it is that the party receiving the report shall cause it to be filed, and shall give notice of the filing to the adverse party. No copy of the report need be served. The adverse party has eight days after the service of notice of the filing within which to file exceptions. If those exceptions are not filed and served within that time, the report becomes absolute (Catlin v. Catlin, 3 Hun, 378); and the party in whose favor the report is made, and who causes it to be filed, upon presenting to the court proof by affidavit that the report was filed, and that notice of the filing was served upon the opposing party more than eight days before, accompanied with a certificate of the clerk, made after the expiration of the time to serve exceptions, that no exceptions have been served, is entitled, as of right, to an order confirming the report. No motion is necessary to confirm the report in such a case. But, if exceptions are filed, the rule provides what the practice shall be. If exceptions are served within eight days, the exceptions may be brought to a hearing at any special term thereafter, upon notice of any party interested therein. The notice of motion is only required after the exceptions are filed, and the exceptions are to be brought to a hearing. Consequently, a motion to bring on the hearing is premature until the exceptions have

been filed; and, by express provision of the rule, it may be brought on to a hearing at any special term thereafter,—i. e. after the filing of the exceptions. The result is that the notice of motion in this case was premature, and the motion should have been denied.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(19 App. Div. 266.)

## In re DE HAAS' WILL.

(Supreme Court, Appellate Division, First Department. June 25, 1897.)

WILLS—EVIDENCE OF EXECUTION.

Appeal from surrogate court, New York county.

Alice Preble Tucker De Haas appeals from a judgment entered upon a verdict admitting to probate the will of Maurits F. H. De Haas. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, WILLIAMS, INGRAHAM, and PARKER, JJ.

E. L. Heydecker, for appellant.
Jacob S. Van Wyck, for respondents.