(38 App. Div. 149.)

### WHITE et al. v. EIDLITZ et al.

(Supreme Court, Appellate Division, First Department.  March 10, 1899.)

INJURY TO EMPLOYE—LIABILITY OF MASTER.
　　Where the foreman of the bricklayers of a building in process of construction without authority from the contractor of the building authorized certain of the workmen to use an elevator which was built for the purpose of conveying material, and it struck a board placed across one of the openings, and an accident ensued, and one of the workmen was killed, the building contractor was not liable therefor; there being no evidence as to who placed the board across the elevator opening, nor any evidence connecting the building contractor therewith.

Appeal from trial term, New York county.

Action by Charles H. White and Margaret D. Jackson, as administrators of David C. Robertson, deceased, against Otto M. Eidlitz and Robert J. Eidlitz.  From a judgment dismissing the complaint, plaintiffs appeal.  Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

T. M. Tyng, for appellants.

O'BRIEN, J.  This action, brought to recover damages for alleged negligence in the operation of the defendants' elevator, resulting in the death of plaintiffs' intestate, who was defendants' workman, was previously considered by this court on an appeal from a judgment in favor of the plaintiffs entered upon the verdict of a jury (White v. Eidlitz, 19 App. Div. 256, 46 N. Y. Supp. 184); and a new trial was

ordered on the ground that the evidence was insufficient to show that the defendants had authorized the use of the elevator by the decedent, or were responsible for the obstructions in the way of the elevator which caused the accident. The leading facts in the case were set forth in the opinion then given, and will not be here repeated. In dismissing the complaint on the new trial, the learned judge below held that there could be no recovery—First, because there was no negligence shown on the part of the contractors; second, because the elevator was not intended for the transportation of workmen, but was clearly intended for the carrying of material; and, third, because the accident resulted, not from any want of care or negligence on the part of the contractors, the defendants here, but from the act of some one in covering the elevator shaft at the fourth floor with planks. These are essentially the grounds of reversal on the previous appeal, although the appellants here assert that the reasons were quite different. We are called upon, therefore, to review the new record, to determine whether or not at the close of the plaintiffs'· testimony, when the complaint was dismissed, a prima facie case had been made out.

With regard to the point claimed by the appellants, that the employés were authorized by the defendants to use the elevator, we have the testimony of three of the men who were with the deceased on the ‚elevator when the accident occurred. John Schultz testified that on the morning of the accident he saw Robertson, the deceased, and said to him, "Come on, Dave, we will ride up;" that they got on the elevator, and he said to the engineer, "Take us up;" that three other men got on, and then the foreman of the bricklayers said, "That is enough," and the engineer said, "Oh, one more," and told Hogan to get on; that the regular use of the elevator was for carrying materials up, but "occasionally the men did, for their own convenience, go up and down with it"; that he knew nothing about any signals when men were aboard. Patrick E. Meara testified that men rode up and down the elevator, and that there was a signal of three bells for men, and two bells for material, so that the engineer might know how fast to run the engine; that the usual way was for the men to go up and down ladders; that the men had no authority to use the elevator as they pleased, and did so only by direction of the foreman; that the persons who usually rode on the elevator were the archi-·tects, contractors, and men not regularly at work. Gustave Isaacson · states substantially the same story as the previous witnesses, except that four men were on the elevator when the foreman said that was . enough, and that two jumped on afterwards. This witness also said that the elevator was regularly used for carrying material, and that he had never ridden on it before that morning, and had never heard any orders given by any one as to that matter, but saw. men riding · occasionally.

With regard to the point contended for by the appellants, that the defendants were responsible for the obstructions which caused the .accident, which obstructions consisted of planks lying across the elevator shaft on the fourth floor, the proof rests on the testimony of , John Meister, who had charge of the night gang at the building. The

substance of his testimony is that he had at different times seen planks across the elevator shaft, but on the evening preceding the morning of the accident did not see any planks at all; that planks were placed across for the purpose of keeping material from falling down, but that he did not himself put planks there, and did not know who did.    In the previous opinion referred to it was stated:

"In some way which was entirely unexplained, these planks had been put across the elevator well on the fourth floor.  When it had been done, or by whom, or for what purpose, or how long it had been continued, did not appear."

And these words are applicable in the present appeal.    And we may also, with regard to the authority vested in the foreman, quote from the same opinion:

"There was an entire failure of evidence to establish that he had been intrusted by the defendants with any right to control the operation of the elevator, or to direct the men to ride upon it."

We may add that, according to the workmen's testimony, it appears that, contrary to the foreman's advice, two men got on the elevator.

If we assume, however, that the evidence would justify the inference that the foreman, Walters, was the representative of the defendants, and that any fault or negligence of his was chargeable to them, then we must go one step further, and determine whether any act or direction of Walters was responsible for the accident.    He occasionally allowed the workmen and others to use the elevator, but it was not shown that the elevator was in any way defective or unsafe.    It was intended for material, but, if properly used, it was not dangerous or hazardous for persons to ride upon it.    Negligence, therefore, on the part of the foreman, cannot be predicated upon the circumstance that he stood by and allowed the deceased, with the other workmen, for their convenience, to ride up in the elevator, instead of insisting on their ascending by the ladders which were provided for the workmen.    Apart from all this, however, it clearly appears that the cause of the accident was the placing of planks across the elevator shaft on the fourth floor, which planks were carried upwards, with the ascent of the elevator, to the top of that story; thus impeding its further progress, and producing a strain which caused the elevator to descend.    It was the striking of the elevator against the planks, and the jar and noise produced by its pressure upon them, which gave the workmen just cause of alarm, and induced them to jump,—some to a place of safety, and Robertson to his death.    It not having been shown when or by whom the planks were so placed, and there being an entire absence of any evidence connecting Walters or the defendants therewith, it follows, under our former decision, that no cause of action was made out.

We think that the trial judge was right in dismissing the complaint on the ground that no negligence on the part of the defendants was shown.    The judgment is therefore affirmed, with costs.    All concur.