*1836.*

BROWER
*v.*
BROWER.

---

## Brower *v.* Brower.

---

A master's report upon a receiver's accounts need not be confirmed and cannot be excepted to. If a party be dissatisfied, he should ask leave of the court to review the principle upon which the accounts are taken so far as the objectionable items are concerned.

---

A receiver had been appointed. After the final decree in the cause, a reference was had to a master for the purpose of settling the receiver's accounts, who had received monies and paid them, from time to time, into court. When the receiver was thus before the master, one of the parties objected to the allowance claimed by the receiver for his services, as well as to items in his accounts. The master, however, allowed the claim and passed the accounts as presented. On the settlement of the master's report, the party who had objected, by *Mr. Hawes* as his counsel, filed his objections with the master, but which the latter overruled.

*August 22, 1836.*

*Practice.
Receiver's
Accounts.*

**1836.**

BROWER
*v.*
BROWER.

He then excepted to the report; and gave notice of hearing upon the exceptions.

Mr. *H. E. Davies,* opposed.

THE VICE-CHANCELLOR:—It is not the English practice to allow exceptions in a case like this; and, in the absence of a rule of our own, I consider we must be guided by the mode pursued in England. The receiver passes his accounts before a master. The master makes out and files his report, which requires no order of confirmation. Nor can exceptions be taken to it. Where a party thinks himself aggrieved, the proper application is to the court to review the account as to such parts as are objectionable; and then the court will enter into the consideration of objections as to the general principles on which the master has proceeded in taking a receiver's accounts, although it will not take cognizance of objections to particular items in them.(a) The practice is laid down in *Shewell* v. *Jones,* 2 S. & S. 170, confirmed on appeal, 3 Russ. 522.

In the present case, then, there should have been an application to review the report in certain particulars.

Perhaps, in this particular case, it is hardly worth while to send the cause back. I will, therefore, hear it as the matter now stands: but all parties, including the receiver, must have notice.

---

(a) And on a motion for this purpose, each particular in the account complained of, as also the grounds of objection, must be specified in the affidavit or notice. Too much precision cannot be observed in this respect, particularly as to dates; if there are several accounts, each, and which, must be specified: *Smith on Receivers,* 177, referring to *M. S.* case of *Cassan* v. *Doran.*