# SUPREME COURT.

### AARON PALMER agt. ISAAC PALMER and others.

Where a reference is made to a *referee* simply to *take and state an account*, he is a mere substitute for a master in chancery, and must conform to that practice, as this court has made no rules in respect to the taking and stating of accounts, in equity cases.

Where the complaint is in the form of a bill in equity, in case of a partnership, and prays for an account, and the answer denies the partnership, and sets up a counter-claim, and an order of reference is made which refers the *whole issue* to the referee, the referee has the power, (the same as the court,) and may determine the liability of the defendant to account, and then proceed to take the account himself. No exception lies to such decision, so far as it relates to the mode of proceeding, nor can his discretion in such case be reviewed.

But the better practice in such cases is, for the referee to make a separate report, declaring the existence of the partnership and the liability to account, which report might be confirmed upon special application to the court, so as to allow an *appeal*, and get the decision of the court upon that point, before the account is taken.

*Monroe General Term, Dec.,* 1856.
*Before* T. R. STRONG, WELLES *and* SMITH, *Justices.*

APPEAL from a judgment rendered upon the report of a referee. The facts, so far as they are essential to show the points decided, are stated in the opinion.

W. F. COGSWELL, *for defendant.*
JEROME FULLER, *for plaintiff.*

By the court—E. DARWIN SMITH, Justice. The chief ground upon which the defendants apply for the reversal of the judgment in this case, and for a new trial, is, that the referee determined the liability of the defendants to account, and then proceeded to take the account without requiring the defendants to bring in their accounts in the form of debtor and creditor, under the 107th rule of the old court of chancery, and in conformity with the practice in chancery in cases of accounting.

The complaint is in the form of a bill in equity in cases of partnership, and prays for an account. The answer denies the partnership, and sets up a set-off and counter-claim. Before the Code, the issue in such a case would have been brought to a hearing before the chancellor or vice-chancellor; and if it was found that the complainant established the partnership and the liability of the defendant to account, an interlocutory decree to that effect would have been made, and it would have been referred to a master to take and state the account. The proceedings in the master's office would then have been had as prescribed in rules 107, 108, 109 and 110, of the old chancery rules. (*Rules of* 1844.)

As this court has made no rules in respect to the taking and stating of accounts in such cases—where a reference is made to a referee simply to take and state an account, he is a mere substitute for a master in chancery, and I suppose he must conform to this practice. Section 469 of the Code, and rule 89 of this court, retains in force all the old chancery practice in such cases when it can be applied.

The difficulty in this case is, that by the order of reference the whole issue was referred to the referee. In such cases the referee, by the consent and act of the parties and the law, is substituted in the place of the court. The trial is to be had before him, as before one of the judges of the court—and, for the purposes of its trial and disposition, he has, for the time being, the ordinary powers of the court.

Section 272 of the Code declares that " The trial by referees is conducted in the same manner, and on similar notice, as a trial by the court. They have the same powers to grant adjournments as the court upon such trial. They must state the facts found and the conclusions of law separately, and their decision must be given, and may be *excepted to and reviewed in like manner, and not otherwise;* and they may in like manner settle a case, or exceptions. The decision of the referee upon the whole issue stands as the decision of the court, and judgment may be entered thereon in the same manner as if the action had been tried by the court."

Palmer agt. Palmer and others.

This section confers upon the referee complete jurisdiction over the cause, as much so as any judge could possess at special term for its trial. The mode of conducting its trial, therefore, must be within the discretion of the referee, so far as relates to all questions within the ordinary discretion of a judge on the trial of a cause. If this cause had been tried in court, the judge would most likely have gone so far as to make an interlocutory order or decree for an account, and then referred it to a referee to take and state the account. But it would have been entirely competent for one of the judges of this court, at special term, to have gone on and tried the whole cause, and taken and stated the account, and found its result, as the referee has done here. That would have been entirely within the discretion of the judge, and, in respect to such question, no exception lies, nor can the discretion be reviewed; and so it is with a referee, to whom, as in this case, the whole issue is referred. No exception lies to his decision, so far as it relates to the mode of proceeding. The referee here had united in him the powers of the court with that of the master, as formerly exercised. He might have made, and I think it would be the better practice in such cases, for him to make, a separate report, declaring the existence of the partnership and the liability to account, which report might be confirmed upon special application to the court, so as to allow an appeal, and get the decision of the court on that point before the account is taken. But the referee was not requested to do so here; and as it does not appear that any injustice has been done by him upon the merits, we can do no less, therefore, than to affirm the judgment.

Judgment affirmed, with costs.