9h 267
56ad445

IN THE MATTER OF THE RECEIVERSHIP OF THE GUARDIAN SAVINGS INSTITUTION, IN THE CITY OF NEW YORK.

*Report of referee, on passing accounts of receiver — how reviewed — Rule 39.*

Under the old chancery practice, the report of a referee upon the passage of a receiver's accounts would only be reviewed upon petition in an independent proceeding. This practice was, however, abrogated by the adoption in 1858 of rule 32, under which, and rule 39 of 1871 and 1874, exceptions to such a report are to be filed within eight days after service of the notice of filing of the report, and the same may be then brought to a hearing at any Special Term thereafter, on notice by any party interested therein.

APPEAL from an order dismissing exceptions filed to the report of a referee, made on passing the accounts of a receiver.

*John T. McGown*, for the appellants.

*Develin & Miller*, for the respondent.

BRADY, J.:

The court at Special Term made an order of reference to pass the accounts of the receiver. Exceptions were duly filed to the report of the referee, but when its confirmation was moved they were rejected as improperly before the court. The appeal is from this result. There can be no doubt that under the former practice in equity no exceptions in any form to the report of a referee, on passing the accounts of a receiver, could be presented for review prior to its confirmation, and which took place when it was filed. The principle, however, upon which items were allowed, or the referee had proceeded, were subject to review by petition, which was an independent proceeding. (*Brower* v. *Brower*, 2 Edw. Ch., 621, and cases cited; *Palmer* v. *Palmer*, 13 How. Pr., 363; *Shewell* v. *Jones*, 1 Cond. Eng. Ch. R., 400; S. C., 2 Sim. & Stu., 170; 2 Smith's Ch. Pr., 388.) This practice was maintained, notwithstanding the Code, until the year 1858, upon the ground that no provision having been made regarding such a proceeding, the rules applicable were those of the courts in effect when the Code was enacted. (*Palmer*

v. *Palmer*, *supra*.) This was undoubtedly the correct view of the subject until, as already suggested, the year 1858, when a change took place. The rules adopted on fourth August in that year, to take effect on the first October following, added to rule 22, changing its number to 32, two paragraphs, the last of which is as follows: "In references other than for the trial of the issues in an action, upon the coming in of the report of the referee, the same shall be filed, and a note of the day of the filing shall be entered by the clerk in the proper book, under the title of the cause or proceeding, and the said report shall become absolute and stand as in all things confirmed, unless exceptions thereto are filed and served within eight days of the service of notice of the filing of the same. If exceptions are filed and served within such time, the same may be brought to a hearing at any Special Term thereafter on the notice of any party interested therein." In November, 1858, this rule was construed by the justices of this court in this district, and it was declared that all reports of referees, other than those made upon issues tried, must be filed as prescribed by the rule; and that where there was an appearance they could not be confirmed until eight days after the service of notice of filing the same, although the parties who appeared might, by consent in writing, waive the delay of eight days, and have the report confirmed at once. And it was also declared that where there was no appearance for the defendant, the report might be presented to the court at once for final order of confirmation, and therefore without waiting the eight days. (*Somers* v. *Milliken* [not reported], 10th Nov., 1858, per INGRAHAM, J.; see Voorhees' Code [6th ed.], 1859, p. 616; id. [10th ed.], 1870, p. 707.) This rule remained unchanged until 1870 (December twentieth and twenty-first), when rules were adopted to take effect on the 1st February, 1871. It was then changed in number, becoming thirty-nine instead of remaining thirty-two, and by adding the words "or for computing the amount due in foreclosure cases the testimony of the witnesses shall be signed by them" after the words: "In references other than for the trial of the issues in an action," and by requiring that the report of the referee should be filed with the testimony in such other references. The effect of this rule, still continued, was to abrogate the practice which had theretofore existed in relation to

reports which did not require confirmation and embraced, therefore, the report of a referee on passing the accounts of a receiver. The rule applies to all cases, save those expressly excepted, in which the report under consideration is not included, and this seems to have been understood or acquiesced in as the existing practice, where notice was served herein, that the report would be presented for confirmation. The learned counsel for the respondent did not suppose that the rule of this court had changed the former practice. His attention may not have been called to the alteration in the rule to which reference has been made, and he has therefore assumed that the rule, as it now exists, was the same in form as in the year 1856, when *Palmer* v. *Palmer* (*supra*) was decided. For these reasons it is quite apparent that the equity practice existing prior to 1858, in relation to reports of referees on passing the accounts of receivers, no longer maintains, and that the court, in declining to hear the exceptions, acted erroneously. It is equally clear that the order, founded upon that incident or ruling, must be reversed. Ordered accordingly, with ten dollars costs and the disbursements of this appeal.

Davis, P. J., and Daniels, J., concurred.

Order reversed, with ten dollars costs and disbursements.