(54 App. Div. 202.)

FLEISCHMANN et al. v. FLEISCHMANN et al.

(Supreme Court, Appellate Division, First Department. November 9, 1900.)

1. SURVIVING PARTNER—DEVISEE—ACCOUNTING.

   Beneficiaries of a deceased partner may maintain an action against a surviving partner to compel an accounting of partnership business when the executor refuses to bring an action.

2. SAME—DISCOVERY.

   In a suit by beneficiaries of a deceased partner against the survivor to compel an accounting of partnership business, brought by them because of the executor's refusal to sue, it is proper to order an inspection of partnership books, where plaintiffs seek discovery, not only to ascertain the value of the good will of the firm, but to learn what the assets of the firm were at decedent's death and subsequently, and what became of them, and of the profits of the business carried on after his death, under an arrangement with the executor.

Appeal from special term, New York county.

Action by Udo Fleischmann and others, infants, by their guardian ad litem, against Julius Fleischmann and others, for an accounting. From an order granting an inspection of partnership books (65 N. Y. Supp. 93), defendants appeal. Affirmed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

C. Bainbridge Smith, for appellants.
Henry W. Sackett, for respondents.

RUMSEY, J. The facts show that the objection that there was laches in making the application was not well taken. The point principally relied upon on the argument of this appeal was that the plaintiffs had no standing in court to maintain this action, and that for that reason no good could be accomplished by permitting them to have the order for the discovery; the learned counsel for the appellants insisting that the right of action was in Johanna Fleischmann as executrix of Maximilian Fleischmann, and that the plaintiffs, as beneficiaries under his will, had no rights except such as they could obtain from her upon an accounting. That the right of action primarily was in Johanna Fleischmann may be admitted, but it is alleged in the complaint that Johanna Fleischmann, having been appealed to to bring this action, refused to do so. That being the situation, the plaintiffs would be entirely remediless if they were forbidden to resort to the aid of the court to obtain the right

which they alleged was taken away from them by the fraud practiced upon their representative, but which that representative refuses to try to obtain. It does not need the citation of authorities to show that, when a trustee in whom is the primary right of action to redress a wrong to the estate of which his cestuis que trustent are beneficiaries refuses to bring suit, the beneficiaries are not left remediless, but may come into court, and set up, not only the facts which entitled the trustee to a recovery, but the fact that the trustee refuses to bring suit, and that they are therefore compelled to sue to obtain that relief which should have been obtained for them by their representative and the guardian of their interests. The plaintiffs, therefore, are properly in court.

It is objected that the facts sought to be discovered are not material, because the object of the discovery is to ascertain the good will of the firm of Fleischmann & Co.; the appellants claiming that that good will was not a part of the assets of the partnership after the death of Maximilian Fleischmann. The plaintiffs undoubtedly claim to be entitled to a share of the good will as a result of the original contract between Maximilian and Charles Fleischmann, by which the partnership was not to expire upon the death of either partner, but was to be continued by his personal representatives. What effect that agreement might have had, which was partially carried into effect, upon the good will, it is not necessary here to consider. The plaintiffs seek this discovery not only to ascertain the value of the good will, but to learn what the assets of the firm were at the time of the death of Maximilian Fleischmann and subsequently, and what had become of them and of the profits which had been earned by the plaintiffs after his death, and which were carried on under the several arrangements with Johanna Fleischmann. For these purposes the books are clearly material, and because they are material the order should be affirmed, with $10 costs, although the plaintiffs may have asked more than they are entitled to. All concur.