THE NEW YORK BANK NOTE COMPANY, Appellant, Respondent, *v.* THE HAMILTON BANK NOTE ENGRAVING AND PRINTING COMPANY, Respondent, Appellant, and THE KIDDER PRESS MANUFACTURING COMPANY, Respondent.

*Reference for an accounting by a defendant — the burden of proof rests upon him — the costs thereof are not chargeable to the plaintiff — all the issues must be determined by the interlocutory decree directing the reference.*

In an action, the primary purpose of which was to obtain an injunction restraining one of the defendants, a bank note company, from using two printing presses furnished by the other defendant in alleged violation of a contract made by the latter with the plaintiff and of which the bank note company had notice, and, as an incident thereto, to recover damages resulting from such use, the Appellate Division decided that the plaintiff was entitled to an injunction and to recover from the bank note company as damages the saving effected by the use of the presses in question over that of any other press or known process then in existence, and directed that a reference for an accounting ordered by the interlocutory judgment appealed from proceed.

*Held,* that, upon such reference, it was the duty of the bank note company to exhibit its account upon which the plaintiff could, if it so elected, stand without making any proof, or it could surcharge the same by proof that other sums should be added thereto;

That it rested upon the bank note company to show that, in fact, there was no saving by the use of the presses in question, and that other known presses would perform the work as well and as cheaply;

That the plaintiff could not be properly charged with the costs of the reference;

That a stipulation as to costs entered into by the plaintiff, after the referee had decided that an issue was presented for trial before him, was not binding upon it;

That in such a case every question affecting the rights of the parties upon the main issue should be settled by the interlocutory decree before the reference to take the account was ordered, and that the matter to be embraced in the reference should be specified in the decree.

APPEAL by the plaintiff, The New York Bank Note Company, from so much of a final judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 5th day of July, 1900, upon the report of a referee as adjudges that the plaintiff is entitled to only six cents damages, without costs, as against either defendant, and that the defendant, The Hamilton Bank Note Engraving and Printing Company, have judgment against the plaintiff for $1,882.55, referee's and stenographer's fees, less the sum of six cents, with notice of an intention to bring up for review upon such appeal the orders modifying and confirming said report.

Appeal by the defendant, The Hamilton Bank Note Engraving and Printing Company, from so much of said judgment as adjudges that such defendant be restrained from using either of the two Kidder presses purchased from the defendant, The Kidder Press Manufacturing Company, subsequent to October 12, 1891, or any Kidder perfecting press purchased since January 1, 1893, with or without attachments for strip-ticket printing, for the purpose of printing strip tickets, and from parting with said presses, or either of them, or any part of either of them, except under a contract to which the plaintiff is a party, providing that the same shall never be used for the purpose of strip-ticket printing; and as further adjudges that the plaintiff have judgment against the defendant, The Hamilton Bank Note Engraving and Printing Company, for six cents damages, without costs, with notice of an intention to bring up for review upon such appeal the order or decision of the court directing said judgment, entered on the 3d day of July, 1900, in so far only as said order or decision directs so much of the judgment as is hereby appealed from and fails or refuses to direct judgment absolute for the defendant, The Hamilton Bank Note Engraving and Printing Company, with costs.

*Edward P. Lyon,* for New York Bank Note Company, appellant, respondent.

*William L. Turner*, for Hamilton Bank Note Engraving and Printing Company, respondent, appellant.

*Victor J. Loring*, for Kidder Press Manufacturing Company, defendant, respondent.

HATCH, J.:

The result which has been reached in this case is so extraordinary in character when it is considered that the plaintiff recovered a judgment in its favor for the relief demanded in its complaint, that we are called upon to carefully consider the process and proceedings by which such result has been reached and see, if we may, whether the same is the proper result under the determination of this court upon the former appeal, or is due to an incorrect interpretation of its judgment. In other words, whether the mistake, which has evidently been made, was made by this court or by the referee in construing the judgment. In order that we may have a fair view of the situation, it seems to be necessary to state the character of the interlocutory judgment which came before the court on appeal, the judgment of the court as entered thereon, and the proceedings which have been had thereunder. The primary purpose of the action was to obtain an injunction restraining the defendant, the Hamilton Bank Note Engraving and Printing Company, from using two certain printing presses furnished by the Kidder Press Manufacturing Company in alleged violation of a contract made by the latter company with the plaintiff and of which the first-named defendant had notice, and as an incident thereto to recover damages by reason of such use.

This action having been tried at a Special Term, an interlocutory judgment was made and entered granting the injunction asked, and adjudging that the Hamilton Bank Note Engraving and Printing Company account to the plaintiff for the profits made by that defendant upon all tickets made by it upon each of the presses purchased by it from the defendant Kidder Company, and further that it be sent to a referee to compute the damages sustained against both defendants, and that the plaintiff have final judgment for the amount of the damages so found and for the relief demanded in the complaint, with costs and an extra allowance. The clause of this judgment relating to the damages decreed is- that they "shall be the

profits made by the defendant   \*   \*   \*   upon all strip tickets printed by it upon the two aforesaid presses purchased from the Kidder Press Manufacturing Company." From this judgment an appeal was taken to this court, where the same was modified. From this point difficulties multiply and incongruity begins. The case upon appeal is reported in 28 Appellate Division, 426. From the opinions delivered as the basis for the decision, it appears that the interlocutory judgment was modified in two particulars. *First,* instead of limiting the period in which damages might be recovered from the time when certain attachments were placed upon the machine which fitted it for more perfect use, the time was enlarged so as to include the date when the machine was first delivered and before the attachments were applied. The only effect of this modification was to give a more extended period of time in which damages might be recovered for the infringement which the judgment enjoined. *Second,* the rule of damage stated in the opinions recognized as a primary proposition that the plaintiff was entitled to recover all the damage that it had sustained by reason of the use of the machine. It was then asserted that, in measuring this damage, the referee might take proof of the cost of the production of the tickets by the Kidder machine and the cost of production of the same tickets by any other machine or known process then in existence. By this modification the court simply recognized that the rule of damage to be applied entitled the plaintiff to recover the saving effected by the use of the Kidder machine over that of any other machine or known process then in existence for the printing of strip tickets which were printed upon the Kidder machine. With these modifications, the court declared in its opinions that it affirmed the judgment, without costs, and directed that the reference for an accounting proceed. So far, therefore, as this court expressed itself upon the question of damages it in no manner departed from the well-settled rule in awarding judgments of this character. It recognized and affirmed the right of the plaintiff to that part of the judgment which awarded the plaintiff an injunction, and the whole discussion went upon the ground that the defendant, the Bank Note Company, was called upon to account for the profits which it had made, if any; in addition, it sought to lay down a rule by which the referee appointed upon the accounting might be guided accordingly as the evidence should be developed.

In actions of this character it is required that every question affecting the rights of the parties upon the main issue shall be first settled by the interlocutory decree and before the account is stated, or the reference therefor is ordered. (*Mundorff* v. *Mundorff*, 1 Hun, 41; *Hudson* v. *Trenton, L. & M. M. Co.*, 16 N. J. Eq. 475.) This being decided, the court must direct in its decree the matters which shall be embraced in the accounting, as may be required by the circumstances of the particular case. The practice upon the hearing before the referee is assimilated to the former chancery practice, which has been held applicable to such proceeding, and which the Code has not changed. (*Mundorff* v. *Mundorff, supra ; Palmer* v. *Palmer*, 13 How. Pr. 363; *Ketchum* v. *Clark*, 22 Barb. 319.) Upon such an accounting the 107th Chancery rule required that the party ordered to account should exhibit his accounts to the master. It was expected to embrace the whole period for which it was ordered, set out the state of the account covering such period, and be verified by oath of the party presenting it. (2 Barb. Ch. Pr. 505–515; *Story* v. *Brown*, 4 Paige, 112.) When the account is presented, the plaintiff is at liberty to surcharge the same with any sums which he can prove ought to be added thereto, and he may examine the party presenting the account for that purpose. The defendant may also show matters, within the scope of the accounting, which tend to relieve him from the apparent amount which would otherwise be charged against him.

Having in view these rules, it is evident that the court, so far as it expressed itself in its opinions, did not intend to change such orderly course of procedure, and by no language used therein did it do so. Recognizing that the duty primarily rested upon the defendant, the Bank Note Company, to exhibit its account, and in order that such defendant might have the benefit of the rule of law that the saving alone in the use of the Kidder machine over any other was the proper measure, it pointed out that it was at liberty to show by proof, if it could, that in fact there was no saving, by showing that other known machines could produce the tickets as well and as cheaply, and upon such basis the referee was furnished with an absolute rule from which to measure the damage as the same should be required by the evidence produced. It is manifest that the plaintiff did not bear, and it is nowhere suggested otherwise in the opinions,

any burden whatever in this respect. It could stand upon the account as exhibited by the defendant, the Bank Note Company, if it chose, and make no proof, or it could surcharge it, and it could rebut any proof offered by that defendant tending to reduce the amount of the profit which the account showed, or of any other matter properly involved, but upon this subject, manifestly, it could not be made to bear any primary burden, as the judgment entitled it to recover and cast upon the defendant, the Bank Note Company, the burden of reducing the amount of the damage which its account might presumptively show. So far, therefore, as the opinions of this court are concerned, there is not the slightest ground for saying that anything was sent to the referee except the accounting, and no affirmative issue was presented to him to hear, try and determine. The opinions contemplated the ordinary procedure to be modified only so far as to allow proof from the defendant, the Bank Note Company, in diminution of damage. The course of procedure which was in fact adopted is an absolute reversal of every rule of law applicable to such a reference. The result reached is astounding. By the judgment the plaintiff is awarded, upon the main issue, the relief for which it prayed, with costs of the action, and in disposition of an incident to the judgment, it has succeeded in obtaining an award of six cents, and a judgment for costs is awarded against it in the sum of $1,882.55, and the defendant bank note company is now asking that this court further swell this amount, with an award of costs of the action and an extra allowance. It is manifest that something is radically wrong in this result, and so wrong as to call for heroic methods of treatment if there exists no other remedy.

This brings us to the cause of all the trouble, and it is raised by the form of the judgment entered in this case by this court. Before proceeding to analyze the judgment, common fairness prompts us to say that the construction which was placed upon this judgment by the learned referee was justified by the language which it contained, and the fact that it did not express with clearness the respective rights of the parties as determined by the court is in no manner the fault of the referee. We are clear that such was not the intention of the court, and that the language used in the judgment does not compel such a construction. The judgment at the Special Term first awards an injunction against the two defendants in separate

paragraphs; it then awards a recovery of damages in favor of the plaintiff, which are to be measured by the profits made in the use of the machines. The next paragraph decrees that the defendants account, and the last that the action be referred to compute and ascertain the aforesaid damage. The judgment as entered in this court follows this order, the first two paragraphs being the same; the third is changed, and it provides, so far as presently important, after decreeing that the plaintiff recover damages, "which damages shall be the profits made by the defendant, the Hamilton Bank Note Engraving and Printing Company, upon all strip tickets printed by it upon the two aforesaid presses purchased from the Kidder Press Manufacturing Company, known as the Kidder Perfecting Press, on proof before the referee that the Kidder Perfecting Press was the subject of a monopoly for strip-ticket printing by virtue of outstanding patents, or was the only available machinery for printing strip tickets, or on proof that the Hamilton Bank Note Engraving and Printing Company could not have obtained the contracts to print said tickets, except by means of the Kidder Perfecting Press, and in the absence of such proof that the damages shall be the saving in profit on said tickets by the use of the Kidder Perfecting Presses, over the profits it would have made by printing the same on the presses in its possession, or known to and purchasable by it prior to December 29, 1892. And it is further

"*Ordered, adjudged and decreed*, that the defendant, the Hamilton Bank Note Engraving and Printing Company, account to the plaintiff for the profits made by said defendant as aforesaid, upon all the tickets printed by it or by any person or persons, corporation or corporations for its account or in which it is or has been in anywise interested, upon either or both the presses purchased from the defendant, the Kidder Press Manufacturing Company, known as Kidder Perfecting Presses."

It is quite evident that the order in which these several provisions appear had much to do with the construction that has obtained, for if the last-quoted paragraph of the judgment had been inserted directly after the award of the injunction against the Kidder Company, it would then have provided, in the first instance, that the defendants should account for the profits which accrued from the use of the machines; by placing it after the other provisions of the

judgment and inserting the words "as aforesaid," the whole intent was obscured if not changed. But having in view the expressions of the court and the right which the plaintiff obtained by its affirmative judgment upon the main issue, it is evident that this judgment should be read as though such clause of the judgment were first in order after the award of the injunctions. The direction which it would then have contained would have been that the defendant, the Bank Note Company, account, and would correspond with the rules governing such judgments and the proceedings thereunder. Ought it now to be so read? We think it should. It is to be noticed that the judgment contains no express language placing the burden of proof upon the plaintiff. The language is "on proof before the referee" of two things: *First,* that the presses were the subject of a monopoly, or were the only available machinery, and, *second,* that the defendant, the Hamilton Bank Note Company, could not have obtained the contract except by means of these presses. Then follows, "in the absence of such proof" damages shall be the saving in profits by the use of the machines. It is at once evident that a construction which placed the burden of proof in these respects upon the plaintiff injected into the judgment a distinct and independent issue which the law required to be determined before a reference upon the accounting was ordered. Such issue was for the determination of the trial court as it bore upon the main issues in the case, and it must be regarded as having been so determined and so treated by this court, as otherwise the judgment would have been reversed and remitted to the trial court for determination. There is no authority or principle of law of which we are aware which confers upon an appellate tribunal authority to order the reference of such an issue in such a case. It would provide for the trial of principal issues by piecemeal, overthrow settled principles of law and lead to absurd results, and a construction of judgments or statutes which overthrows established rules of law or leads to absurd results ought always to be avoided. This judgment preserves the right of the plaintiff to have an accounting, and the language to which we have called attention can be and ought to be construed as conferring upon the defendants the right to show by proof the fact that there was no monopoly or that other machines would produce these tickets as cheaply and that they were not essential in the procurement of the contract.

In the nature of things these were matters of excuse and in mitigation of damages which had been awarded, and upon failure to make this proof the saving in profit became the rule of recovery and presumptively this would be the account which the defendant, the Bank Note Company, was required to exhibit.

These provisions of the judgment were evidently intended to furnish to the referee the rule upon which he should measure the damages when the proof should be given, and are not to be regarded as furnishing a new issue or regulating the order of proof.   These matters were already determined.   The plaintiff was awarded damages. The defendant, the Bank Note Company, was required to exhibit its account, which, in the absence of all other proof, would doubtless furnish the measure of the recovery.   It may be that the provisions are somewhat inconsistent, but such fact is no ground for construing the judgment in destruction of plaintiff's rights secured by it, when they may be upheld and the judgment enforced.   We may be unable to reconcile the language, but we can conform the construction of the judgment with established rules of law.   This construction is necessary to preserve the right which plaintiff obtained when it succeeded upon the principal issues, otherwise that which is to be determined as an incident must be held to control the relief secured, and in this view the defendant bank note company is entirely consistent in now asking for the costs of the action and an extra allowance.   While there is no inconsistency in the claim based upon the present status, it emphasizes the fact that plaintiff's rights have been overthrown and the judgment which it obtained practically nullified.

It is undoubtedly true that the defendants may show that the plaintiff is only entitled to recover nominal damages and that the right to damages which it has secured is worthless under the rule furnished by the judgment, but such fact imposes no primary burden upon the plaintiff; that burden rests with the defendant, the Bank Note Company, and must be established by proof.   When the reference opened, the plaintiff demanded its legal right to have the defendant, the Bank Note Company, file its account.   The referee ruled against it and determined that an issue was presented which he was required to hear and determine, and that upon such issue the plaintiff held the burden of proof.   We conclude, for

the reasons which we have stated, that the ruling was wrong. Nor could the plaintiff be properly charged with the costs of the reference. The stipulation which it made does not conclude it in this respect. That was made after the ruling which denied to it a plain legal right, and as the reference then assumed the ordinary form of a reference to hear and determine issues the stipulation was quite proper. There was no necessity for it if its motion had been granted, and, therefore, no liability can be predicated thereon.

It follows that the judgment should be reversed, with costs to the plaintiff appellant, and a hearing ordered before another referee, and the order denying defendant appellant's motion for costs is affirmed.

Van Brunt, P. J., O'Brien, Ingraham and McLaughlin, JJ., concurred.

Judgment reversed, with costs to plaintiff appellant, and a hearing ordered before another referee, and the order denying defendant appellant's motion for costs affirmed.