(120 App. Div. 396)

### KLIGER v. ROSENFELD et al.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

1. APPEAL—IRREGULAR PROCEEDINGS—OBJECTIONS WAIVED.

    A defendant, in a suit for the dissolution of a partnership and for an accounting, who makes no objection to plaintiff proceeding to prove the state of the partnership affairs without the filing by defendant of an account, cannot complain on appeal that the hearing was irregular, because no account was filed, as prescribed by chancery rule 107, and issue found on objections to it.

2. PARTNERSHIP—DISSOLUTION—ACCOUNTING—ISSUES.

    A party in a suit for the dissolution of a partnership and for an accounting, adjudged to account, should, as required by chancery rule 107, file a verified account, and the adverse party, if not satisfied, should file objections and specify what surcharges he claims should be made, thereby making issues for litigation.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Partnership, § 788.]

3. EVIDENCE—ADMISSIONS—STATEMENTS BY COPARTNER.

    In a suit for the dissolution of a partnership and for an accounting, the statement of the assets and liabilities of the partnership, made to a commercial agency by one of the defendants alone, and not adopted by the codefendant, is inadmissible to prove the assets and liabilities of the partnership.

    Laughlin, J., dissenting in part.

Appeal from Special Term.

Action by Max Kliger against Samuel Rosenfeld and another for the dissolution of a partnership and for an accounting. From a judgment for plaintiff, defendants appeal. Reversed, with directions for an accounting before another referee.

Argued before PATTERSON, P. J., and McLAUGHLIN, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

Edward W. S. Johnston, for appellants.
Morgan J. O'Brien, for respondent.

HOUGHTON, J. An interlocutory judgment, directing that the defendants' account concerning the partnership business which was adjudged to exist between them and the plaintiff, was entered April

10, 1905, and a referee was appointed to take and state the account. On the coming in of his report numerous exceptions were filed to his findings, but they were overruled, and judgment on them ordered, and from such judgment the defendants appeal.

On the hearing before the referee, the plaintiff did not ask, and the referee did not direct, that the defendants file an account; but the plaintiff at once proceeded to prove the state of the partnership affairs by oral and documentary evidence. To this procedure the defendants made no objection, and they cannot now complain that the hearing was irregular because no account was filed and issues formed by objections to it. The proper practice, where a party is adjudged to account either before the court, or a referee appointed by it, is that prescribed by the 107th chancery rule, and the party so directed should prepare and file and verify an account of the matter as he claims the facts to be. New York Bank Note Co. v. Hamilton Eng. Co., 56 App. Div. 488, 67 N. Y. Supp. 827. If such account is satisfactory to the opposing party, that is an end of the matter. If it is not, the other party should file his objections and specify what is wrong and what surcharges he claims should be made. In this manner issues for litigation are made concerning specific items, and the mass of uncontested items are eliminated from proof and further consideration until the making up of the findings and report. While the defendants cannot complain that the proper procedure was not followed in this case, we are of the opinion that the accounting was so fundamentally wrong that the judgment must be reversed and a new hearing had.

The referee allowed the plaintiff to introduce in evidence, as a part of his substantive proof of the assets and liabilities of the copartnership firm, a statement made by defendant Rosenfeld, in behalf of the firm, to the commercial agency of R. G. Dun & Co. Both defendants objected to this as not proper for such purpose, and the defendant Weisman on the further ground that it was not evidence as against him. The respondent by his brief does not claim, and we do not find in the record, that Weisman had anything to do with the making of the report, or that he with knowledge adopted its statements. The fact that one member of the firm made the statement did not bind all the others. It was not made respecting a partnership transaction in such sense as the law makes the statement of one partner the declaration of all the others. If Rosenfeld had filed a verified account, or testified to facts contrary to the items contained in the statement to the commercial agency, it would then have been competent to prove the statement for the purpose of contradicting him and to show that he had at another time made statements contrary to his testimony and claim. It was not admitted for any such purpose, however, and the error was vital, for it is manifest from the referee's report that his findings are largely based on the various assets and liabilities stated therein.

Other errors are urged by the appellants, and many items are claimed to have been erroneously charged against them, and credit denied as to others; but we do not feel called upon to discuss them

separately, in view of our conclusion that such errors exist as call upon us to order a new accounting.

The judgment should be reversed, and the referee discharged, and an accounting had before another referee, with costs of this appeal to appellants to abide the event.

PATTERSON, P. J., and McLAUGHLIN, and LAMBERT, JJ., concur.

LAUGHLIN, J. (concurring). I agree that the judgment should be reversed, and that a new trial should be ordered, but not upon the ground assigned in prevailing opinion. I think that the statement made to R. G. Dun & Co., in the name of the defendants, was competent evidence. The plaintiff and the defendants formed a copartnership on the 14th day of February, 1903, and by the interlocutory judgment it was decreed that that copartnership continued until the entry of that judgment, which was on the 10th day of April, 1905. The statement was made to Dun & Co. on the 15th day of February, 1905. It appears that long prior to that date and from, on, or about the 12th of March, 1904, the defendant excluded the plaintiff from participation in the management of the business and took charge thereof and assumed to conduct the same as their own under the firm name of "Rosenfeld & Weisman." They therefore, at the time of making this statement, were in the exclusive charge and possession of the firm assets and business, and by the statement represented that it was their own. There can be no doubt but that the statement might have been relied upon by third parties, and would have been binding upon both defendants, even though it was used by one without the knowledge or consent of the other. Eaton Coat & B. Co. v. Avery, 83 N. Y. 31, 38 Am. Rep. 389; Tindle v. Birkett, 171 N. Y. 521, 64 N. E. 210, 89 Am. St. Rep. 822. It seems to me quite clear that in these circumstances the statement was competent presumptive evidence in favor of the ousted partner, subject, of course, to explanation and proof of the true facts by the defendants. While I think the statement was competent evidence, I am of opinion, in view of the fact that it was shown that many items therein were merely estimates, and not even approximately correct, that the court gave it undue weight.

Moreover, I am of the opinion that the learned referee and Special Term erred in ruling that the interlocutory judgment conclusively established the amount with which the defendants are chargeable on account of the fixtures contributed to the business originally by Weisman as part of his share of the capital and appropriated by the defendants with the other assets of the firm, and in excluding evidence of their value at the termination of the copartnership.