## CRONK v. CRANDALL et al.

(Supreme Court, Appellate Division, Fourth Department. March 9, 1910.)

1. PARTNERSHIP (§ 298*) — DEATH OF PARTNER — ACCOUNTING BY SURVIVORS— PERSONS ENTITLED THERETO.

　　The assignee of beneficiaries of a deceased partner has such an equitable interest in the firm assets as to entitle him to an accounting by the survivors.

　　[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 684–686; Dec. Dig. § 298.*]

2. PARTIES (§ 96*)—OBJECTION AS TO RIGHT TO SUE—WAIVER.

　　Where, in a suit by an assignee of beneficiaries of a deceased partner against his executors and the survivors for an accounting, counsel for defendants stated at almost the beginning of the hearing that, in view of the fact that there were other actions pending involving the same issues, they might as well be thrashed out in such case to save expense to all parties, it amounted to an express waiver of an objection that plaintiff was not entitled to sue.

　　[Ed. Note.—For other cases, see Parties, Cent. Dig. § 168; Dec. Dig. § 96.*]

3. PARTNERSHIP (§ 331*)—DEATH OF PARTNER—ACTION FOR ACCOUNTING—PROCEDURE—WAIVER OF OBJECTIONS.

　　In an action for an accounting against a surviving partner, the more orderly course would have been for defendant to make and file a verified account, giving opposing parties opportunity to file objections and surcharges, and could have been required if insisted on, but the right was

waived by entering on and proceeding with the trial without asking therefor.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 788; Dec. Dig. § 331.*]

4. PARTNERSHIP (§ 338*)—DEATH OF PARTNER—ACTION FOR ACCOUNTING—EVIDENCE.

In an action for an accounting against surviving partners, the firm books of account are competent, but not conclusive, evidence.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 799–801; Dec. Dig. § 338.*]

5. PARTNERSHIP (§ 343*)—DEATH OF PARTNER—ACTION FOR ACCOUNTING—SURVIVOR'S CLAIM AGAINST FIRM—FAILURE TO PROVE.

In an action against a surviving partner, parties opposing his claim on notes against the firm could stand on his failure to satisfactorily prove it, though no formal objection was made to the claim for the reason that no sworn and detailed account was rendered by him so as to require or give the other parties interested a chance to object.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 811; Dec. Dig. § 343.*]

6. PARTNERSHIP (§ 304*) — ACTION FOR ACCOUNTING — DISTRIBUTION OF SURPLUS.

In stating an account between partners and directing distribution, a referee should take into account the amount contributed by the respective partners in excess or less than they should have contributed according to their respective interests, and whatever sum has been advanced by any partner beyond his proportionate share should be first paid from the amount of the surplus, to be distributed according to the original interests of the parties.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. §§ 701, 702; Dec. Dig. § 304.*]

7. PARTNERSHIP (§ 346*)—ACTION FOR ACCOUNTING—COSTS.

In an action against surviving partners for an accounting, wherein judgment was in favor of plaintiff, costs can only be allowed to plaintiff with a fee stipulated by the parties to be paid to an accountant.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 820; Dec. Dig. § 346.*]

McLennan, P. J., dissenting.

Appeal from Special Term, Erie County.

Action by Adelbert D. Cronk against Margaret I. Crandall, individually and as surviving partner, and others. From a judgment for plaintiff, defendants Clayton G. Landis and others appeal. Modified and affirmed on condition.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

August Becker, for appellant Harriet E. Fiss.
H. De Wight Luce, for appellants Landis et al.
I. W. Cole, for respondents.

KRUSE, J. This action involves a partnership accounting. Crandall & Co. was a partnership firm doing business in the city of Buffalo. On the 14th day of February, 1894, it was composed of Adelbert D. Cronk, the plaintiff, Margaret I. Crandall, William Fiss, and John B. Doerr, each owning an undivided one-fourth interest in the firm prop-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty. On or about December 31, 1898, Fiss and Doerr purchased Cronk's interest, so that they, Fiss & Doerr, each then had a three-eighths interest in the firm. On the 26th day of July, 1901, Doerr died, leaving a last will and testament, in which Fiss was named as one of the executors. The will was admitted to probate, and Fiss qualified and acted as executor with two of his associates. When said firm was dissolved by the death of Doerr, the assets consisted of book accounts, a leasehold of certain premises, sales stables, and other property which was afterward sold and converted into cash by the surviving partners, Fiss and Crandall. Fiss had the actual possession, management, and control of the copartnership assets and affairs up to the time of his death, which occurred April 21, 1908. Doerr willed all of his property to his widow, Mary A. Doerr, his daughter, Estella Landis, and his son, William F. H. Doerr, except that he made a bequest of $10,000 to a grandson, which has been paid as well as all of his debts and liabilities which have been presented for payment. After the death of Doerr and on November 4, 1901, his widow and daughter assigned to the son all of their right, title, and interest in the firm and assets, and afterwards, and on the 12th day of November, 1901, the son, in consideration of the sum of $6,500 paid to him by the plaintiff, conveyed in terms to the plaintiff all his right and interest in and to the assets and property of the firm, except the book accounts, and on the 11th day of December, 1901, the said Mary A. Doerr, the widow, Estella Landis, the daughter, and William F. H. Doerr, the son, made, executed, and delivered to the plaintiff a writing, under seal, whereby they agreed to indemnify and hold harmless the plaintiff from any debts of said firm or of the said John B. Doerr, the deceased, or his estate, and agreed to protect from any such debts the said interests, so sold and transferred by the son to the plaintiff. Fiss died before the case was decided, but after the evidence had been taken, and the administratrix of his estate was thereafter substituted in his place.

The referee finds that the proceeds from the assets, outside of the book accounts, amount to $27,882.77; that there was realized from the accounts receivable the sum of $28,736.01; that the liabilities of the firm at the time of the decision were $33,647.17; that the survivors had disbursed from the amounts which they had received for the expenses the sum of $3,944.61, leaving in their hands to be distributed the sum of $19,027, of which $18,789 was in the hands of Doerr at the time of his death, and the remaining sum of $229, less $21, came into the hands of the defendant Crandall, and is still retained by her; and that she has drawn out of the firm since the death of Doerr the sum of $1,734.83. The referee decided that of the $19,027 the plaintiff is entitled to three-eighths, the defendant Crandall to two-eighths, less $1,734.83, received by her since the death of Doerr, and also less said $229, so as aforesaid, found in her hands, and that the administratrix of the estate of Fiss is entitled to the remaining three-eighths, all subject, however, to the costs and expenses of the accounting. The referee further decided that the plaintiff is entitled to recover, and directed personal judgment against the widow, son, and daughter of Doerr, the deceased, under their contract of indemnity for the difference between the sum of $10,456.04, being three-

eighths of $27,882.77, the amount realized from the assets of the firm outside of the book accounts, and the sum which the plaintiff would receive as his portion of the net assets of the firm, the amount of which was ascertained to be, and personal judgment was entered for, the sum of $4,253.22. Certain allowances for costs were also made to the respective parties, some of which are challenged on this appeal. The administratrix of William Fiss and the executors of Doerr's will, as well as his widow, son, and daughter, appeal from the judgment, urging various grounds for the reversal thereof.

On behalf of the appellants, the personal representatives of Doerr, the deceased, it is contended that the plaintiff is not entitled to maintain the action; that he acquired no legal title to the assets of the firm under the assignment. That may be true, but I think he has such an equitable interest therein as to entitle him to have an accounting by the surviving partners. Blood v. Kane, 130 N. Y. 514, 29 N. E. 994, 15 L. R. A. 490; Fleischmann v. Fleischmann, 54 App. Div. 202, 66 N. Y. Supp. 631. However, a complete answer to that objection is that it was expressly waived on the trial of the action, not only by these appellants, but by all of the defendants. Counsel for the appellants, who now raises the question, stated that, in view of the fact that there were other actions pending involving the same issues, they might as well be thrashed out in this case; that it would save expense to all parties. This took place at almost the beginning of the hearing before the referee, and the trial thereafter proceeded along the broad lines of adjusting all of the equities between the parties. I think the appellants cannot now successfully urge that objection.

It is also contended by said appellants that the defendant Fiss should have made and filed a verified account, giving the opposing parties an opportunity to file objections and surcharges. Undoubtedly that would have been the more orderly course, and could have been required if insisted upon. Kliger v. Rosenfeld, 120 App. Div. 396, 105 N. Y. Supp. 214; New York Bank Note Co. v. Hamilton, etc., Co., 56 App. Div. 488, 67 N. Y. Supp. 827. But I think that was likewise waived by entering upon and proceeding with the trial, as was done in this case.

As regards the claim that the evidence is insufficient to sustain the findings of the referee upon the account, I think the books of account of the partnership were competent, but not conclusive evidence, and that their contents and the other evidence supports the findings of the referee, except in one or two particulars, to which attention will be called later.

Other questions are raised on behalf of the appellant Fiss. There are two which require some attention. One arises over the item of $12,000, owing to Fiss, as he claims, and disallowed by the referee. It is claimed that Fiss held notes for that amount against the firm. That claim was sought to be established by the books of account and statements rendered, and the testimony of the bookkeeper. Fiss himself was not sworn upon the trial. The notes were not produced, and the evidence was such that the referee might reach the conclusion, as he did, that the claim had not been satisfactorily proven. It is now urged that no objection was made to the claim; but that can hardly

be claimed. No sworn and detailed account was rendered by Fiss so as to require or give the other parties interested a chance to object. They could stand upon the failure by Fiss to satisfactorily prove the claim.

There is, however, another objection raised on behalf of the appellant Fiss, which I think is more serious. As has been seen, the referee directed the surplus to be distributed according to the original interests of the respective parties, namely, three-eighths each to the Doerr and Fiss interests and two-eighths to the Crandall interest; and it is contended that the referee in making and stating the account and directing such distribution entirely disregarded the state of the accounts of the individual partners with the firm, that he did not take into account the amount contributed by the respective partners in excess or less than what they should have contributed, according to their respective interests, and so it would appear from his memorandum and report.

I do not see how a proper distribution can be made without knowing and taking into account the state of the accounts of the respective partners in that regard. Whatever sum has been advanced by any partner beyond his proportionate share should be first paid from the amount of the surplus. Leserman v. Bernheimer et al., 113 N. Y. 39, 20 N. E. 869; Jones v. Butler, 23 Hun, 367. Unless the proper adjustment can now be made and the judgment modified, it will be necessary to grant a new trial. This should, however, be avoided if it can be.

The bookkeeper and accountant, called as a witness by the appellant Fiss, testified that there was due the partners from the firm $6,262.57, to Fiss $4,287.54, Crandall $1,734.33, and Doerr $240. But the $240 seems to have been interest upon Doerr's note owing to the firm. Just why that should be a debt owing by the firm to him I do not understand. Taking the view most favorable to Fiss and disregarding the $240, leaves $6,022.37, that being the amount which they have contributed to the capital of the firm, more than their just share, according to their respective interests. This sum should therefore be first paid out of the surplus—$4,287.54 to Fiss' representatives and $1,734.-83 to Crandall. This result would seem to do complete justice to the Fiss' interests.

But another difficulty now arises in adjusting the matter between the plaintiff and the representatives of Doerr. The amount of the personal judgment is the difference between $10,456.04 and what he actually receives from the assets of the firm. Increasing the amount distributable on the Fiss interest necessarily decreases the amount of the Doerr interests in the surplus. The Doerr interests have appealed from the entire judgment, not only the amount which was apportioned to the Fiss representatives, but as well the personal judgment. I do not see how the personal judgment can be increased without their consent. Of course, if the judgment is modified as regards the amounts to be apportioned to the different interests, without increasing the personal judgment, the plaintiff will lose to the extent of about $2,000. If, however, the plaintiff is willing to stipulate that the judgment be modified in respect of the distribution of the surplus, as above

indicated, without increasing the personal judgment against the Doerrs, I think the judgment may be modified.

In that event, the judgment should be further modified by striking out all allowances for costs, except costs to the plaintiff and the item of $400, stipulated by the parties to be paid to the accountant. I know of no authority for making the allowances and none has been called to my attention.

If the respondent stipulates as indicated, then the judgment should be modified accordingly, and the judgment, as so modified, affirmed, without costs to either party. If such stipulation is not given, the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed and new trial ordered before another referee, with costs to appellants to abide event, unless the plaintiff shall within 20 days stipulate that the judgment be modified in accordance with the opinion of KRUSE, J., in which event the judgment is modified accordingly, and, as so modified, is affirmed, without costs of this appeal to either party. All concur, except McLENNAN, P. J., who dissents, and votes for affirmance.