Alexina C. S. Dowd, Appellant, v. A. S. Hughes' Sons Towing and Transportation Company, Respondent.

First Department, April 19, 1918.

Reference — to take and state account — written interrogatories.

Upon a reference to take and state an account the referee has no right to issue written interrogatories and require sworn answers thereto in writing as was the practice before a master in chancery.

Appeal by the plaintiff, Alexina C. S. Dowd, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 22d day of October, 1917, relieving the defendant from

a direction to answer certain interrogatories filed by the plaintiff.

*Frederick C. Dowd,* for the appellant.

*Horace L. Cheyney,* for the respondent

SHEARN, J.:

There is raised in this case the question whether upon a reference to take and state an account, when it comes to impeaching the account by the examination of the accounting party, the practice to be followed is, if the referee so elects, to issue written interrogatories and require sworn answers thereto in writing, as was the practice before a master under the old chancery rules. Section 827 of the Code, which authorizes the court to appoint a referee, where it is authorized to approve an undertaking or the sureties thereto, or to make an examination or inquiry, or to appoint an appraiser, receiver or trustee, provides that " And where, according to the practice of the Court of Chancery, on the 31st day of December, 1846, a matter was referable to the clerk, or to a master in chancery, a court having authority to act thereupon, may, direct a reference to one or more persons, designated in the order, with the powers which were possessed by the clerk, or the master in chancery, except where it is otherwise specially prescribed by law."

It was held in *Palmer* v. *Palmer* (13 How. Pr. 363), decided in 1856, which was after the enactment of the Code of Procedure, that where a reference is made to a referee simply to take and state an account, he is a mere substitute for a master in chancery and must conform to that practice as this court has made no rules in respect to the taking and stating of accounts in equity cases. And it has been frequently held that the requirement, still observed, that the accounting party shall file an account rests upon the old chancery rule. The appellant's counsel argues from this that all the old practice prevailing before a master should be followed to-day. The respondent answers in part by calling attention to the concluding words of section 827 of the Code of Civil Procedure, " except where it is otherwise specially prescribed by law," and then refers to the sections of the Code of Civil Procedure (1015 *et seq.*) providing for a compulsory reference to take an account

and the provision that a witness may be subpœnaed to attend before a referee so apppointed and that the trial shall be conducted as is one before the court, and argues from this that the chancery practice should not prevail because provision is otherwise specially prescribed by law. This argument is not sound, for the reason that substantially the same provisions that are now embodied in sections 1015 *et seq.* of the Code of Civil Procedure were embodied in sections 271 *et seq.* of the Code of Procedure at the time the *Palmer* case was decided.

A more persuasive reason against reverting to this antiquated chancery practice is that the occasion for it no longer exists. It clearly appears that it had its origin at a time when witnesses could not be called in their own behalf, and written interrogatories were drawn, settled and allowed designed " chiefly to sift the conscience of the party, and to obtain admissions from him." When *Wiggin* v. *Gans* (4 Sandf. 646) was decided, holding that if so required to do a party accounting must submit to be examined upon interrogatories as directed by rule 107 of the Court of Chancery, a party could not testify in his own behalf in this State. Since that decision, however, parties to actions or proceedings have been allowed to testify in their own behalf and, as pointed out by Van Santvoord in his Equity Practice (Vol. 1, p. 536): " In these cases, therefore, where the party accounting may now by law testify generally as a witness for himself, the reason for his examination upon interrogatories no longer exists; for upon such examination he cannot now be restricted to answers only responsive to the interrogatories, but may, under his general right to be a witness in his own behalf, testify to matters in his own discharge. There can be no objection, then, urged by any party interested, who desires to examine him, against calling him as a witness to testify, orally, the same as any other witness. And I do not think that the practice of examining the party upon interrogatories is any longer useful or applicable to such references."

Furthermore, Barbour in his Chancery Practice (Vol. 1 [2d ed.], p. 281) says: " It is not the practice in this State to make use of written interrogatories before examiners, as is done in England, although there is nothing in the statute or rules to prohibit it." There is no longer any reason for the rule, and as it has fallen into desuetude for fully two generations

and as it is contrary to what has always been the practice in this State, except in this special chancery practice which grew up under a rule that no longer exists, it would be extremely unwise to complicate the customary and well-understood practice by reviving these old rules.

It is, therefore, unnecessary to determine whether the interrogatories were proper ones. If the testimony of the accounting party is desired, it can be taken in the manner prescribed by law.

The order should be affirmed, with ten dollars costs and disbursements.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.