JAMES R. PIERCE, Respondent, *v.* EDWARD K. FENNO, Appellant, and FRED M. WEBSTER, Respondent.

Fourth Department, June 29, 1928.

*Benjamin E. Shove,* for the appellant Fenno.

*Albert H. Clark* and *John C. Boland,* for the plaintiff, respondent, and the defendant, respondent.

SEARS, J.   The plaintiff has been granted an interlocutory judgment (206 App. Div. 649) determining that a partnership existed between the parties and dissolving the same as of the 26th day of May, 1919 (except as to work then on hand), and directing an accounting between the parties and appointing a referee to take and state the account and to report what of the balance of said account shall appear to be due from any or either party to this action to any or either other party, and providing further that on the coming in of the report and upon the confirmation of the same any party found to be entitled to payment from any other party should have judgment accordingly.   Hearings were had before the referee.   The referee made his report in writing stating separately his findings of fact and conclusions of law.   A motion for confirmation was made by the plaintiff which came on to be heard at a Special Term of the Supreme Court in Onondaga county on the 8th day of November, 1927.   Counsel for the appellant presented an oral argument against the confirmation of the report.   Up to that time no written exceptions to the report of the referee had been filed.   Counsel for the respondents urged upon the court that the Special Term was without power to review the decision of the referee because the reference was, as they claimed, one in effect to try and determine the issues and finally to state the account between the parties. The report was confirmed.   After this a motion was made by the appellant for permission to file and serve certain written exceptions to the findings and conclusions of the referee *nunc pro tunc* as of November 8, 1927 (the date of the hearing of the motion for confirmation), and to require the court to pass upon each exception separately.   This motion was denied.   The appeal is from the order denying this motion.   We are not concerned now with the

action of the Special Term in confirming the report of the referee. No appeal from the judgment is now before us.

The learned justice at Special Term, in his opinion, based his denial of appellant's motion for permission to file written exceptions *nunc pro tunc* upon the ground that section 445 of the Civil Practice Act was applicable, and that exceptions to the referee's report could be filed by the appellant at any time before the expiration of ten days after service on the attorney for the exceptant of a copy of the decision of the referee and a written notice of entry of judgment thereupon, and that the time to file such exceptions under this provision had not then expired, as the judgment had not then been entered.

In our judgment section 445 of the Civil Practice Act is not applicable here. That section has relation to a reference for the trial of an issue or issues of fact arising on the pleadings. Such references are usually known as references to hear and determine. That designation does not occur in the sections of the Civil Practice Act relating to reference, but is used in rule 170 of the Rules of Civil Practice to include such references as those provided for in sections 464 and 466 of the Civil Practice Act. In the chancery practice as it existed in this State before the end of the year 1846, in such an action as this, it was usual for the interlocutory judgment to provide for a reference to a master in chancery to take and state the account. The present practice is a substitute for the former chancery practice. (*Palmer* v. *Palmer*, 13 How. Pr. 363; *Ketchum* v. *Clark*, 22 Barb. 319; *Mundorff* v. *Mundorff*, 1 Hun, 41; *Kliger* v. *Rosenfeld*, 120 App. Div. 396.) Section 80 of the Civil Practice Act, re-enacting section 827 of the Code of Civil Procedure, contains the following provision: " Where, according to the practice of the Court of Chancery on the thirty-first day of December, eighteen hundred and forty-six, a matter was referable to the clerk or to a master in chancery, a court having authority to act thereupon may direct a reference to one or more persons, designated in the order, with the powers which were possessed by the clerk or the master in chancery, except where it is otherwise specially prescribed by law." Such a reference as is involved here is not otherwise specially prescribed by law unless it be by section 467 of the Civil Practice Act, re-enacting section 1015 of the Code of Civil Procedure. It is immaterial whether the procedure in this case is controlled by section 80 or section 467 of the Civil Practice Act for neither of these sections provides for cases where an issue of fact is tried by a referee within the meaning of those words as they occur in section 445 of the Civil Practice Act. (*Matter of Federal Union Surety Co.*, 73 Misc. 28; affd., 154 App. Div. 936;

affd., 211 N. Y. 549; *Dowd* v. *Hughes' Sons Towing & Transportation Co.*, 183 App. Div. 580; *Doyle* v. *Metropolitan Elev. R. Co.*, 136 N. Y. 505; *Rust* v. *Hauselt*, 46 N. Y. Super. Ct. [14 J. & S.] 22. And see Civ. Prac. Act, § 470.)

Under the chancery practice it was necessary to file objections to such a referee's report and take exceptions based on the objections. (*Ketchum* v. *Clark*, *supra*.) This apparently remained the rule until October 1, 1858, when a rule of court became effective providing for exceptions to be filed and served within eight days of the service of notice of the filing of the referee's report, and providing further that if exceptions were so filed and served the same might be brought to a hearing at Special Term by any party interested, and, in case such exceptions were not filed, the report should become absolute and stand in all things confirmed. (Supreme Court Rules of 1858, rule 32; *Matter of Guardian Savings Institution*, 9 Hun, 267; *Matter of Talmage*, 39 App. Div. 466; affd., 161 N. Y. 643; *James* v. *Horn*, 19 App. Div. 259.) This continued to be the practice rule of the Supreme Court until October 1, 1910, when the rule (which had become rule 30) was amended by striking out all provisions for the filing of exceptions. (Supreme Court Rules of 1910, rule 30.)

Even though it is not necessary to file exceptions to such a report of a referee in order to preserve the right to be heard, either at the Special Term or upon appeal, in opposition to its becoming effective, it is still good practice to do so, and in the exercise of the discretion vested in the Supreme Court, inasmuch as the learned justice at Special Term denied the motion solely because he thought section 445 of the Civil Practice Act was applicable, we have determined to reverse the order and grant the motion in so far as it asks leave to file certain written exceptions *nunc pro tunc*.

We have been able to discover no statute, rule or practice requiring the Special Term to pass upon the exceptions specifically, and the order, in so far as it denies the appellant's motion in that respect, should be affirmed.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Order reversed and motion granted in so far as it asks leave to file certain written exceptions *nunc pro tunc*, and in all other respects the order is affirmed, without costs of this appeal to either party.